BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
DREW LIMING, State Bar No. 305156
drew.liming@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Tel.: 650-618-9250

*Attorneys for Defendants Lilium N.V.,
Barry Engle, Daniel Wiegand, and
Geoffrey Richardson*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIRAJ ASHIRWAD GNANARAJ, Individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>LILIUM N.V. F/K/A QELL ACQUISITION CORP., BARRY ENGEL, DANIEL WIEGARD, and GEOFFREY RICHARDSON,<br><br>          Defendants. | Case No.: 2:22-CV-02564-FMO-MRWx<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Hearing Date: June 9, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin |

MP&A ISO MOTION TO TRANSFER
CASE NO. 2:22-cv-02564-FMO-MRWx

**TABLE OF CONTENTS**

INTRODUCTION...................................................................................................... 1

BACKGROUND....................................................................................................... 2

     A. Lilium Is Developing the Lilium Jet in Europe...................................... 2

     B. Lilium's Primary U.S. Operations Are in Florida, Not California............... 2

     C. None of the Individual Defendants Resides in This District....................... 3

     D. None of Plaintiff's Claims Is Related to Events in This District............. 3

     E. Plaintiff's Only Connection to This District Is His Counsel...................... 4

ARGUMENT............................................................................................................ 4

  I.    Lawsuit "Might Have Been Brought" in the Southern District of Florida......... 5

  II.    Interest of Justice and Convenience of the Parties and Witnesses All Favor
       Transfer........................................................................................... 6

     A. This Lawsuit Lacks Any Connection to This District............................ 6

     B. Plaintiff Has No Connection to This District....................................... 8

     C. Southern District of Florida Is More Convenient and Cost-Effective.......... 11

CONCLUSION......................................................................................................... 13

MP&A ISO MOTION TO TRANSFER        i
CASE NO. 2:22-cv-02564-FMO-MRWx

# TABLE OF AUTHORITIES

Page(s)

Cases

*Bondali v. Yum! Brands, Inc.*,
2013 U.S. Dist. LEXIS 196916 (C.D. Cal. May 1, 2013)............................... *passim*

*City of N. Miami Beach Police Officers' & Firefighters' Ret.*
*Plan v. Nat'l Gen. Holdings Corp.*,
2019 U.S. Dist. LEXIS 227121 (C.D. Cal. Nov. 18, 2019)....................................... 7

*In re Connetics Sec. Litig.*,
2007 U.S. Dist. LEXIS 38480 (S.D.N.Y. May 23, 2007)........................................ 11

*Credit Acceptance Corp. v. Drivetime Auto. Group, Inc.*,
2013 U.S. Dist. LEXIS 199138 (C.D. Cal. Aug. 5, 2013)......................................... 8

*Eskenazi v. Slover*,
2017 U.S. Dist. LEXIS 222488 (C.D. Cal. Nov. 7, 2017)....................................... 11

*Global Décor, Inc. v. Cincinnati Ins. Co.*,
2011 U.S. Dist. LEXIS 64529 (C.D. Cal. June 16, 2011)................................... 8, 12

*Herman v. W. Union Co.*,
2017 U.S. Dist. LEXIS 221047 (C.D. Cal. March 30, 2017).............................. 7, 9

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000)................................................................................ 6

*Kumar v. Kulicke & Soffa Indus.*,
2019 U.S. Dist. LEXIS 232041 (C.D. Cal. Jan. 22, 2019)......................................12

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987)............................................................................. 6, 8

*Metz v. U.S. Life Ins. Co.*,
674 F. Supp. 2d 1141 (C.D. Cal. 2009)................................................................ 5, 8

*Sanchez v. Centene Corp.*,
2017 U.S. Dist. LEXIS 227407 (C.D. Cal. Mar. 1, 2017)............................... *passim*

*Secondary Life Three Llc v. Transamerica Life Ins. Co.*,
2021 U.S. Dist. LEXIS 103933 (C.D. Cal. Feb. 24, 2021)................................... 10

Page(s)

*Smithson v. Jackson Nat'l Life Ins. Co.*,
2018 U.S. Dist. LEXIS 225818 (C.D. Cal. May 29, 2018)................................. 10, 11

*Wasson v. LogMeIn, Inc.*,
2018 U.S. Dist. LEXIS 223718 (C.D. Cal. Nov. 2, 2018)............................... *passim*

*In re Yahoo! Inc.*,
2008 U.S. Dist. LEXIS 20605 (C.D. Cal. Mar. 10, 2008)............................. 7, 9, 12

Statutes

15 U.S.C. § 78aa(a)...................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)........................................................................... 9

28 U.S.C. § 1331.......................................................................................... 5

28 U.S.C. § 1404(a)................................................................................... 4, 5

Other Authorities

H.R. Rep. No. 104-369 (1995) (Conf. Rep.).................................................... 9

**INTRODUCTION**

This lawsuit was filed in the wrong judicial district. It purports to be a securities class action against Lilium, N.V., a Dutch corporation headquartered in Germany. Lilium has no offices and conducts no business in this district. The other three defendants are officers and directors of the Company, who also live outside this district. Lilium's principal U.S. presence is in Boca Raton, in the Southern District of Florida, where its U.S. legal department is based. With local partners, Lilium is currently developing a network of landing grounds in Florida for the anticipated deployment of the Lilium Jet, an electric vehicle designed for environmentally-friendly regional transportation.

The Complaint does not allege any connection between this district and either the events at issue in this action or Plaintiff himself. The action purports to challenge the accuracy of securities filings made in connection with a merger between Lilium and a U.S.-based company last year. Lilium negotiated portions of the merger from Boca Raton, and the statements concern the development of the Lilium Jet, which is taking place in Europe. The Complaint does not allege that Plaintiff resides in this district, or even in the United States. In fact, Plaintiff's address is affirmatively *redacted* from the sworn declaration submitted by his counsel.

Even if there had been some connection between Plaintiff and this district, his choice of venue is given no deference in a class action. That is all the more true in a *securities* class action, where the initial plaintiff does not control the litigation. Instead, to prevent abuse and lawyer-driven litigation, Congress required courts to appoint a lead plaintiff after a statutory selection process.

The only connection between this action and this district is the location of Plaintiff's counsel's offices. Notably, this is not the first time Plaintiff's counsel filed a securities class action in this district, only to have it transferred to the proper venue. *E.g.*, *Wasson v. LogMeIn, Inc.*, 2018 U.S. Dist. LEXIS 223718, at *5 (C.D. Cal. Nov. 2, 2018) (Anderson, J.).

MP&A ISO MOTION TO TRANSFER                                                                    1
CASE NO. 2:22-cv-02564-FMO-MRWx

Defendants asked Plaintiff's counsel to transfer the action voluntarily, and presented the grounds for such a transfer.  Plaintiff's counsel initially declined and then stopped responding to further communications.  Defendants are now forced to move to transfer the action to the correct venue in the Southern District of Florida.

<strong>BACKGROUND</strong>

**A.  Lilium Is Developing the Lilium Jet in Europe**

Lilium N.V. ("Lilium" or "the Company") is a next-generation transportation company that designs and manufactures the Lilium Jet, an electric vertical take-off and landing ("eVTOL") aircraft for expeditious and environmentally-friendly regional travel.  Liming Decl., Ex. 1 at 5.  Lilium is incorporated in the Netherlands and headquartered near Munich, Germany, where its manufacturing facilities are also located.  Lilium has over 960 employees worldwide, and has facilities in Germany, Switzerland, the United Kingdom, and the United States.  *Id.* at 73, F-36.

Lilium's goal is to create a sustainable and affordable mode of high-speed, regional transportation for people and goods.  Lilium is currently conducting flight testing of its technology demonstrator in Spain, and the Company is in the process of certifying the Lilium Jet with the European Union Aviation Safety Agency and the Federal Aviation Administration.  Ex. 1 at 5, 21.  The Company expects initial rollouts of the Lilium Jet in Germany and Florida once the Lilium Jet becomes commercially available.  *Id.* at 61.

**B.  Lilium's Primary U.S. Operations Are in Florida, Not California**

Lilium's operations in the United States are principally based in Boca Raton, Florida.  The majority of Lilium's U.S. employees are located in Florida.  Brown Decl. ¶ 2.  Lilium does not have any employees or operations in the Central District of California.  *Id.* ¶ 6.

Lilium has partnered with Tavistock, a Florida developer, to build vertiports, which are vertical takeoff and landing platforms that enable the Lilium Jet to operate in

MP&A ISO MOTION TO TRANSFER
CASE NO. 2:22-cv-02564-FMO-MRWx

2

more densely-populated urban environments.  Ex. 1 at 54.  These vertiports will be built in strategic locations across Florida.  *Id.*

In September 2021, Lilium acquired Qell Acquisition Corp. ("Qell"), a U.S. special purpose acquisition company (the "Merger").  The Merger closed on September 14, 2021, following which Lilium became publicly traded in the U.S.  Ex. 1 at 7.  A portion of Lilium's preparatory work for the Merger, including the drafting and dissemination of the related disclosures, took place in Boca Raton, where Lilium's U.S. legal department is based.  Brown Decl. ¶ 3.

**C.      None of the Individual Defendants Resides in This District**

Defendant Daniel Wiegand is a German flight propulsion specialist who co-founded Lilium and has served as its CEO since its founding.  Mr. Wiegand resides in Munich, Germany (Brown Decl. ¶ 7), where Lilium is headquartered.  Defendant Geoffrey Richardson has served as Lilium's CFO since November 2020.  Mr. Richardson resides in Hillsborough, California.  *Id.* ¶ 8.  Defendant Barry Engle was the founder and CEO of Qell and currently serves as a Lilium director.  Mr. Engle primarily resides in Utah.  *Id.* ¶ 9.  No Defendant is located in the Central District of California.

**D.      None of Plaintiff's Claims Is Related to Events in This District**

On April 18, 2022, Plaintiff filed a putative class action complaint (the "Complaint") against Lilium and the Individual Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  The Complaint copies and pastes allegations made by a short seller, who sought to profit by driving down Lilium's stock price.  ¶¶ 27-31.  The Complaint claims that the short-seller's attack "revealed" that Defendants had made false statements about the development of the Lilium Jet and Lilium's operations.  ¶¶ 17-25.

The Complaint does not allege that any of the supposed misstatements originated in this district or have any connection to events in this district.  The relevant locations for the purportedly false statements are Boca Raton (where Lilium's U.S. legal

MP&A ISO MOTION TO TRANSFER                     3
CASE NO. 2:22-cv-02564-FMO-MRWx

department is based and from where parts of the Merger were negotiated), and Germany (where Lilium is headquartered and is developing the Lilium Jet). Brown Decl. ¶¶ 3-4. The Complaint's sole attempt to justify this district as an appropriate venue is a conclusory statement that "the alleged misstatements entered" this district—which would be equally the case with *any* judicial district in the United States. ¶ 4.

### E.   Plaintiff's Only Connection to This District Is His Counsel

Plaintiff Maniraj Ashirwad Ganaraj purportedly purchased Lilium stock during the alleged class period. The Complaint fails to state where Mr. Gnanaraj resides. It does not allege that Mr. Gnanaraj resides in or has any connection to this district, much less the State of California or the United States. The Complaint even takes affirmative steps to obscure Mr. Gnanaraj's location: His location is entirely redacted from his sworn Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws. ECF 1-1. The only connection between Mr. Gnanaraj and this district apparent from the face of the Complaint is that his counsel is located here.

On April 25, 2022, Defendants' counsel contacted Mr. Gnanaraj's counsel, explained that Lilium has no connections to this district, and requested that Mr. Gnanaraj consent to voluntarily transfer this lawsuit to the Southern District of Florida. Mr. Gnanaraj's counsel asked Defendants' counsel to send him a written explanation for why the lawsuit belongs in the Southern District of Florida rather than here. Defendants' counsel did so the same day. Plaintiff's counsel never responded, despite Defendants' counsel's subsequent reminders.

### ARGUMENT

The Court should transfer this lawsuit to the Southern District of Florida pursuant to Section 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). As Judge Otero explained, "[t]he purpose of § 1404(a) is to prevent the waste of time,

MP&A ISO MOTION TO TRANSFER          4
CASE NO. 2:22-cv-02564-FMO-MRWx

energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (Otero, J.) (citation omitted) (granting transfer). This lawsuit has no connection to this district, so litigating here would waste the parties' and Court's time and resources.

The Court must consider two prongs of Section 1404(a): (1) that the lawsuit "might have been brought" originally in the Southern District of Florida; and (2) that transfer be "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). Both prongs strongly support transfer in this instance.

## I.    Lawsuit "Might Have Been Brought" in the Southern District of Florida

Defendants' motion satisfies the first prong of Section 1404(a), which requires that this lawsuit "might have been brought" in the Southern District of Florida. 28 U.S.C. § 1404(a).[1]   Because both of Plaintiff's claims are brought under the Exchange Act, venue lies in any district "wherein the defendant is found or is an inhabitant or transacts business[.]"  15 U.S.C. § 78aa(a); *see also Bondali v. Yum! Brands, Inc.*, 2013 U.S. Dist. LEXIS 196916, at *10-11 (C.D. Cal. May 1, 2013) (Tucker, J.) (transferring securities lawsuit to district where defendant company did business).

Lilium has an office and employees in Boca Raton (Brown Decl. ¶¶ 1-2), which is located in the Southern District of Florida.  It is also partnering with a Florida developer to develop vertiports, and plans for Florida to be the U.S. location for its initial rollout of the Lilium Jet. Ex. 1 at 54, 61.   Lilium is thus an "inhabitant" of the Southern District of Florida and "transacts business" there.

Venue is therefore appropriate in the Southern District of Florida, and this lawsuit could (and should) have been brought there.

---

[1]  The Southern District of Florida also has subject matter jurisdiction pursuant to federal question jurisdiction (28 U.S.C. § 1331) because Plaintiff asserts federal law claims under the Exchange Act.  ¶ 2.

## II.   Interest of Justice and Convenience of the Parties and Witnesses All Favor Transfer

The Ninth Circuit instructs courts to consider the following factors when deciding a motion to transfer pursuant to Section 1404(a): (1) "location where the relevant agreements were negotiated and executed[;]" (2) "state that is most familiar with the governing law[;]" (3) "plaintiff's choice of forum[;]" (4) "respective parties' contacts with the forum[;]" (5) "contacts relating to the plaintiff's cause of action in the chosen forum[;]" (6) "differences in the costs of litigation in the two forums[;]" (7) "availability of compulsory process to compel attendance of unwilling non-party witnesses[;]" and (8) "ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). As Judge Anderson has explained, not all of the factors are "particularly relevant" to securities class actions, so courts focus "only on those factors that are of significance[.]" *LogMeIn*, 2018 U.S. Dist. LEXIS 223718, at *5 (granting motion to transfer based on convenience to parties and witnesses, plaintiff's choice of forum, and interest of justice).

The relevant factors all compel transferring this lawsuit to the Southern District of Florida.

### A.   This Lawsuit Lacks Any Connection to This District

Plaintiff's counsel filed this lawsuit in this district despite the fact that none of the operative events occurred here. As the Ninth Circuit has held, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or the subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

The issues in this case have no connection to this district. The alleged misstatements concern the development of the Lilium Jet and Lilium's business operations. ¶¶ 17-25. But the Lilium Jet is being developed in Europe—not here—with an anticipated launch in Germany and Florida. Ex. 1 at 54, 58. And Lilium does not conduct any business or have any employees in this district. Brown

Decl. ¶ 6.  Lilium's principal U.S. presence is in the Southern District of Florida.  *Id.* ¶ 1.

Plaintiff's sole alleged connection between this district and his lawsuit is that "the alleged misstatements entered and the subsequent damages took place in this judicial district."  ¶ 4.  But courts have repeatedly rejected similar attempts to manufacture venue.  "Because this is a securities fraud action, plaintiffs' claims are based on defendants' alleged misrepresentations and omissions, which are deemed to occur in the district where they are transmitted or withheld, *not where they are received*."  *In re Yahoo! Inc.*, 2008 U.S. Dist. LEXIS 20605, at \*24 (C.D. Cal. Mar. 10, 2008) (Snyder, J.) (emphasis added).  Judge Birotte, for example, transferred a securities class action because "[w]hile some plaintiffs purchased their securities in this district, that does not outweigh the fact that Centene's alleged false statements occurred in the Eastern District of Missouri."  *Sanchez v. Centene Corp.*, 2017 U.S. Dist. LEXIS 227407, at \*5-6 (C.D. Cal. Mar. 1, 2017).  Similarly, Judge Guilford transferred a securities class action to the Southern District of New York because the "false statements allegedly made in SEC filings, press releases, and other public statements, were prepared and issued from New York."  *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.* , 2019 U.S. Dist. LEXIS 227121, at \*6 (C.D. Cal. Nov. 18, 2019); *see also LogMeIn,* 2018 U.S. Dist. LEXIS 223718, at \*7 (transferring securities case "based on alleged misstatements which were prepared, certified, and signed in Boston"); *Herman v. W. Union Co.*, 2017 U.S. Dist. LEXIS 221047, at \*4 (C.D. Cal. March 30, 2017) (Marshall, J.) (transferring securities class action to district where "the 2011-2015 Form 10-Ks containing the alleged materially false and/or misleading statements 'were prepared in, and transmitted from'").  Here, the challenged SEC filings were drafted, reviewed, and issued by Lilium's U.S. legal department, which is based in Boca Raton.  Brown Decl. ¶ 3. This factor thus weighs heavily in favor of transfer to the Southern District of Florida, which does have a connection to this lawsuit.

MP&A ISO MOTION TO TRANSFER                    7
CASE NO. 2:22-cv-02564-FMO-MRWx

### B.    Plaintiff Has No Connection to This District

The Court should not grant any deference to Plaintiff's selection of this district for his lawsuit.  His choice deserves no weight because this is a representative action on behalf of a nationwide class, and Plaintiff does not even claim to have any connection here himself.  Notably, Plaintiff has not alleged *any* substantive connection to this district.[2]

***First,*** Plaintiff's counsel's decision to file in this district deserves no deference because this is a putative class action.  "[T]he Ninth Circuit[,] like other courts, has noted that the weight to be given the plaintiffs choice of forum is discounted where the action is a class action." *Metz,* 674 F. Supp. 2d at 1146 (citation omitted); *see also Belzberg*, 834 F.2d at 739 ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight.").  In addition, Plaintiff seeks to represent a class that includes purchasers of Lilium stock regardless of their location and is therefore not limited to California purchasers.  ¶ 34 (defining the proposed class as "all those who purchased or otherwise acquired the publicly traded securities of Lilium during the Class Period").  A "plaintiff's choice of forum should be accorded minimal weight" when the "case is a nationwide class action." *Yum! Brands*, 2013 U.S. Dist. LEXIS 196916, at *15 (granting transfer).

The weight afforded to a plaintiff's chosen forum is especially diminished in a putative *securities* class action like this one.  In 1995, Congress passed (over a presidential veto) the Private Securities Litigation Reform Act ("PSLRA"), which

---

[2] Courts in this district regularly transfer cases even where plaintiffs allege some limited connection to the district.  *See, e.g.*, *Global Décor, Inc. v. Cincinnati Ins. Co.*, 2011 U.S. Dist. LEXIS 64529, at *13 (C.D. Cal. June 16, 2011) (Tucker, J.) (granting transfer despite contacts in this district because "such contacts ha[d] no relation to th[e] case"); *Metz,* 674 F. Supp. 2d at 1147 (granting transfer; "[a]lthough [defendant] has some connections to the Central District of California, such contacts do not demonstrate a material connection").  For example, in *Credit Acceptance Corp. v. Drivetime Automotive Group, Inc.*, Judge Otero granted a motion to transfer even where defendants "have limited contacts with this District that relate to this action." 2013 U.S. Dist. LEXIS 199138, at *21-22 (C.D. Cal. Aug. 5, 2013).

MP&A ISO MOTION TO TRANSFER                               8
CASE NO. 2:22-cv-02564-FMO-MRWx

sought to protect "against lawyer-driven lawsuits by giving control of the litigation to lead plaintiffs with substantial holdings." H.R. Rep. No. 104-369, at 32 (1995) (Conf. Rep.). To prevent unseemly races to the courthouse and harassing strike suits, the PSLRA provides a statutory process for the selection and appointment of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). This process was designed "to increase the likelihood that institutional investors will serve as lead plaintiffs." H.R. Rep. No. 104-369, at 32. It is thus entirely probable that Mr. Gnanaraj, an individual shareholder who claims to have purchased no more than 501 shares of Lilium, will not be selected as the lead plaintiff in this litigation. Accordingly, in securities class actions, courts regularly hold that "there is no reason to accord plaintiffs' choice of forum special deference." *Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *16 (transferring securities class action); *see also Centene Corp.,* 2017 U.S. Dist. LEXIS 227407, at *5 (transferring securities class action where initial plaintiff would not be appointed lead plaintiff); *Yum! Brands*, 2013 U.S. Dist. LEXIS 196916, at *14 (transferring securities class action after initial plaintiff who was a resident in the district was not appointed lead plaintiff).

**Second,** the Court should not give any deference to Plaintiff's selected forum because the Complaint does not allege anything suggesting that Plaintiff himself has any connection to this district. For example, the Complaint does not state that Plaintiff resides in this district. "[W]here the plaintiff does not reside in his chosen forum, courts accord the plaintiff's choice considerably less deference." *Yum! Brands,* 2013 U.S. Dist. LEXIS 196916, at *13-14; *see also W. Union Co.*, 2017 U.S. Dist. LEXIS 221047, at *4 (transferring securities class action because "there is no evidence Plaintiff is a resident of California"). "The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied into the notion that plaintiffs should be discouraged from forum shopping." *LogMeIn*, 2018 U.S. Dist. LEXIS 223718, at *7 (citation omitted) (granting transfer).

The Complaint does not provide any information about where Mr. Gnanaraj resides. In fact, Mr. Gnanaraj's location is entirely *redacted* from his declaration. ECF 1-1. While Mr. Gnanaraj's declaration states that he authorizes his counsel to file "an action" and that he "has reviewed a complaint and authorizes its filing," it does not certify that he has reviewed *this* Complaint or authorized its filing in *this* district. *Id.* Has Mr. Gnanaraj reviewed the actual Complaint in this action? Was he consulted about where to file this lawsuit or before his counsel rejected Defendants' request to transfer the case? Defendants respectfully suggest that the Court require Mr. Gnanaraj to attend the hearing on this motion, so he may articulate his connections to this district and the steps he took to authorize the filing of the Complaint here. Presumably, such an appearance would not be inconvenient to him, since he (or his counsel on his behalf) selected this district.

Indeed, the *only* connection between this lawsuit and this district appears to be that Mr. Gnanaraj's counsel is located here. Judge Anderson previously rejected *this same counsel's* argument that "that this District is more convenient" for a securities class action solely because his "office is located here." *LogMeIn*, 2018 U.S. Dist. LEXIS 223718, at *9. Judge Anderson held that "[t]he convenience of the attorneys that Plaintiff has retained to pursue this action is of little consequence." *Id.*; *see also Secondary Life Three Llc v. Transamerica Life Ins. Co.*, 2021 U.S. Dist. LEXIS 103933, at *6 (C.D. Cal. Feb. 24, 2021) (Birotte Jr., J) (granting transfer; "[a]s case law notes, convenience of counsel is not a sufficient reason to avoid transferring venues"). The same is true here. The personal convenience of Plaintiff's counsel does not warrant burdening Defendants or this Court with litigating a case here that has no connection to this district.

In sum, as this Court has previously held, a "plaintiff's choice of forum should receive little deference" when that plaintiff "does not reside in California" and "seeks to represent a nationwide class on claims that have little to do with California." *Smithson v. Jackson Nat'l Life Ins. Co.*, 2018 U.S. Dist. LEXIS 225818, at *7 (C.D.

Cal. May 29, 2018) (Olguin, J.) (granting transfer).  This factor militates in favor of transfer.

### C.    Southern District of Florida Is More Convenient and Cost-Effective

While no witnesses and documents are located in this district, some will likely be in the Southern District of Florida.  This factor also supports transfer.

**Location of Witnesses.**  As this Court has repeatedly explained, "[t]he convenience of the witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience."  *Eskenazi v. Slover*, 2017 U.S. Dist. LEXIS 222488, at *10-11 (C.D. Cal. Nov. 7, 2017) (Olguin, J.) (citation omitted) (granting transfer); *Jackson Nat'l Life Ins.*, 2018 U.S. Dist. LEXIS 225818, at *7 (same).  In securities class actions, the "key witnesses are frequently officers and employees of [the issuer] who participated in drafting or distributing allegedly false and misleading statements."  *In re Connetics Sec. Litig.*, 2007 U.S. Dist. LEXIS 38480, at *10 (S.D.N.Y. May 23, 2007) (alteration in original) (citation omitted) (granting transfer).  Courts thus regularly transfer securities cases to the districts where those employees reside.  For example, in *Centene*, Judge Birotte held that a securities class action "about Centene's accounting and disclosures" should be transferred to the district most convenient for the responsible personnel.  2017 U.S. Dist. LEXIS 227407, at *4-5 ("Centene departments and personnel responsible for Centene's financial analysis and financial reporting will be key witnesses."); *see also LogMeIn,* 2018 U.S. Dist. LEXIS 223718, at *10 (transferring securities case to district where legal, sales, investor relations, and finance departments were located).

Here, the Southern District of Florida is more convenient for potential witnesses.  Lilium's principal U.S. presence is in Boca Raton, and the drafting and dissemination of the relevant disclosures took place there.  Brown Decl. ¶¶ 1, 4.  A majority of Lilium's U.S. employees are based in Florida.  *Id.* ¶ 2.  The Southern District of Florida is also more convenient for the Individual Defendants and other potential

witnesses who do not reside in that district because Company personnel travel to Florida on occasion for business. *Id.* ¶ 5; *see also Kumar v. Kulicke & Soffa Indus.*, 2019 U.S. Dist. LEXIS 232041, at *4-5 (Real, J.) (C.D. Cal. Jan. 22, 2019) (transferring lawsuit to district containing company's U.S. office because international witnesses "are more likely to travel for business reasons to the Company's [U.S.] office"). Accordingly, the Southern District of Florida is the most convenient location for potential witnesses and litigating there would be most cost-effective. *See Yum! Brands*, 2013 U.S. Dist. LEXIS 196916, at *16-17 ("litigation will be less costly, and access to sources of proof easier, in the [district] where those employees reside"); *Cincinnati Ins.*, 2011 U.S. Dist. LEXIS 64529, at *14 ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions") (citation omitted). By contrast, no witnesses reside in this district, so litigating here would incur unnecessary costs and inconvenience.

**Location of Documents.** Although "the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry." *Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *27 (citation omitted). At least some of the relevant documents reside in Boca Raton, where Lilium's U.S. legal department (which was responsible for drafting and disseminating the disclosures at issue) is located. Brown Decl. ¶¶ 3-4. This factor thus favors transfer. *See Centene*, 2017 U.S. Dist. LEXIS 227407, at *6 ("The ease of access to sources of proof favors transfer because it appears that most of the relevant documents are in Centene's possession in the Eastern District of Missouri."); *Cincinnati Ins.*, 2011 U.S. Dist. LEXIS 64529, at *15 ("[T]he possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located.") (citation omitted).

In sum, some of the likely witnesses and documents are located in the Southern District of Florida. And it is significantly more convenient to relocate others to

MP&A ISO MOTION TO TRANSFER                    12
CASE NO. 2:22-cv-02564-FMO-MRWx

Lilium's office there, rather than to this district.  All of the relevant factors thus favor transfer.[3]

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this action be transferred to the United States District Court for the Southern District of Florida.

Dated: May 10, 2022

Respectfully submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By: /s/  *Boris Feldman*

Boris Feldman

*Attorneys for Defendants*

---

[3] The remaining factors are either not relevant to securities class actions or do not favor this district.  For example, both districts are equally equipped to handle claims brought under the federal securities laws. *See Yum! Brands*, 2013 U.S. Dist. LEXIS 196916, at *18 ("Federal courts in California and Kentucky are equally familiar with the federal securities laws governing this case.").  And Florida has a "greater local interest because of its interest in ensuring that corporations doing business within its borders comply with federal securities law." *Centene Corp.*, 2017 U.S. Dist. LEXIS 227407, at *6-7.

MP&A ISO MOTION TO TRANSFER                    13
CASE NO. 2:22-cv-02564-FMO-MRWx