Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIRAJ ASHIRWAD GNANARAJ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LILIUM N.V. F/K/A QELL ACQUISITION CORP., BARRY ENGLE, DANIEL WIEGAND, AND GEOFFREY RICHARDSON,<br><br>Defendants. | Case No. 2:22-cv-02564-FMO-MRW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Hearing Date: June 9, 2022<br>Hearing Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................... 1

II.   FACTS AND PROCEDURAL HISTORY ............................................. 1

III.  ARGUMENT........................................................................................... 3

     A.    Plaintiff's Choice of Forum is Strongly Favored in this Securities Class Action Where There are Substantial Connections Between this Forum and Action.................................................................................. 4

     B.    There is No Compelling Reason for Transfer Under Other 1404(a) Factors ....................................................................................................... 8

          1.    Defendants Fail to Show How This Forum is Less Convenient for the Parties and Non-Party Witnesses..................... 8

          2.    Defendants Fail to Show Costs to Litigate in this Forum Would be Greater ............................................................................ 10

          3.    The Location of Documents and Ease of Access to Proof Does Not Favor Transfer .............................................................. 11

          4.    This District has Greater Familiarity with Federal Securities Laws................................................................................................... 11

          5.    The Location of Agreements is Neutral .................................... 11

IV.   A MOTION TO TRANSFER IS PREMATURE AT THIS STAGE OF THE LITIGATION ................................................................................ 11

V.    CONCLUSION ..................................................................................... 12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404, 2:17-cv-09251-MWF-AS

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Ahrens v. Cti Biopharma Corp.*,
   No. 16 CIV. 1044 (PAE), 2016 WL 2932170 (S.D.N.Y. May 19, 2016)...............12

*Elite Apparel, LLC v. Dallas Cowboys*,
   No. 13-CV-1038 H (WVG), 2013 WL 12116606 (S.D. Cal. Nov. 5, 2013) ..........11

*Ellis v. Costco Wholesale Corp.*,
   372 F. Supp. 2d 530 (N.D. Cal. 2005)...................................................................5, 8

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ...................................................................................5

*Eureka Inventions, LLC v. Bestway (USA), Inc.*,
   No. C 15-00701 JSW, 2015 WL 3429105 (N.D. Cal. May 27, 2015) ......................9

*Gen. Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Tr.*,
   No. C, 09-1376 SI, 2009 WL 2137094 (N.D. Cal. July 16, 2009)................3, 4, 5, 8

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) .................................................................................6

*In re Network Assocs., Inc., Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999)....................................................................12

*In re Yahoo! Inc.*,
   2008 U.S. Dist. LEXIS 20605, at *24 (C.D. Cal. Mar. 10, 2008)............................8

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ..............................................................................3, 4

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ..............................................................................4, 8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404, 2:17-cv-09251-MWF-AS

*LRN Corp. v. RGA Reinsurance Co.*,
  No. 2:14-CV-05771-SVW-RZ, 2015 WL 13285086 (C.D. Cal. Jan. 20, 2015).....11

*Metz v. U.S. Life Ins. Co. in City of New York*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) ...................................................................8

*Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*,
  6 F. Supp. 2d 203 (S.D.N.Y. 1998) .......................................................................10

*Rafton v. Rydex Series Funds*,
  No. C 10-1171 CRB, 2010 WL 2629579 (N.D. Cal. June 29, 2010).......................7

*Royal Queentex Enterprises v. Sara Lee Corp.*,
  No. C-99-4787 MJJ, 2000 WL 246599 (N.D. Cal. Mar. 1, 2000) ......................9, 10

*SEC v. Feng*,
  No. CV 15-9420-CBM-SSx, 2016 WL 7443220 (C.D. Cal. Apr. 7, 2016)..3, 10, 11

*Sec. Investor Prot. Corp. v. Vigman*,
  764 F.2d 1309 (9th Cir. 1985) .............................................................................4, 5

*Trendsettah USA, Inc. v. Swisher Int'l Inc.*,
  No. SACV14-01664-JVS-DFMX, 2015 WL 12697653 (C.D. Cal. Feb. 3, 2015) .11

*Van Slyke v. Cap. One Bank*,
  503 F. Supp. 2d 1353 (N.D. Cal. 2007)...............................................................4, 9

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
  No. 2:13-CV-00011-JRG, 2014 WL 459719 (E.D. Tex. Jan. 31, 2014)................10

**Statutes**

28 U.S.C. §1404(a) ..........................................................................................................3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404, 2:17-cv-09251-MWF-AS

## I.   INTRODUCTION

Defendants move to transfer venue to the Southern District of Florida. Def. Mem. at 1 (Dkt. No. 15-1).[1] Defendants' motion should be denied. Germany-based Lilium N.V. ("Lilium") had no qualms with traveling to California when it benefited Lilium. Qell Acquisition Corp. ("Qell"), the special purpose acquisition company ("SPAC") that merged with Lilium GmbH to create the publicly traded Lilium N.V., was headquartered in San Francisco, CA. And per Lilium's filings with the U.S. Securities Exchange Commission ("SEC"), Lilium's U.S. headquarters is located at 505 Montgomery Street, Suite 1100, San Francisco, CA 94111.  Individual Defendant Geoffrey Richardson ("Richardson") resides in California. Def. Mem. at 3. And according to Lilium's Form 20-F filed with the SEC on March 30, 2022, Individual Defendant Barry Engle's ("Engle") business address is also 505 Montgomery Street, Suite 1100, San Francisco, CA 94111. As stated in the civil cover sheet, Dkt. No. 2, Plaintiff Maniraj Ashirwad Gnanaraj ("Plaintiff" or "Gnanaraj") resides in Singapore. Travelling to and from Singapore to Los Angeles is more convenient to Plaintiff as to travel time.  Therefore, Defendants' assertion that the Southern District of Florida would better suit parties is a thinly veiled attempt at forum shopping by Defendants.

Furthermore, Defendants failed to satisfy numerous relevant factors, failing to demonstrate: 1) which specific non-parties would be inconvenienced and their relevant testimony; 2) costs to litigate would be greater in this forum; 3) the location of documents and access to proof favors transfer; and 4) the Southern District of Florida has greater familiarity with securities laws. Accordingly, Plaintiff respectfully requests the Court deny Defendants' motion. At minimum, the motion should be decided after the lead plaintiff or all lead plaintiff movants have had an opportunity to weigh-in.

## II.   FACTS AND PROCEDURAL HISTORY

---

[1] All citations to "Def. Mem." refer to Defendants' Memorandum of Points and Authorities in Support of Motion to Transfer Venue . (Dkt. No. 15-1).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

On April 18, 2022, Plaintiff commenced this securities class action lawsuit against Defendants Lilium f/k/a Qell, Engle, Richardson, and Daniel Wiegand ("Wiegand"), and Stephen A. Arnall (collectively, "Defendants") for issuing false and misleading statements that: (1) Lilium materially overstates the Lilium Jet's design and capabilities; (2) Lilium materially overstates the likelihood for the Lilium Jet's timely certification; (3) Lilium misrepresents its ability to obtain or create the necessary batteries for the Lilium Jet; (4) the SPAC-merger would not and did not generate enough cash to commercially launch the Lilium Jet; (5) Qell Acquisition Corp. did not engage in proper due diligence regarding the Merger; and (6) as a result, Defendants' public statements and statements to journalists were materially false and/or misleading at all relevant times. *See* Compl. ¶26 (Dkt. No. 1). Plaintiff asserts claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of all purchasers of Lilium securities between March 30, 2021 and March 14, 2022, inclusive (the "Class Period"). *Id*. at ¶1.

Lilium is a corporation incorporated in the Netherlands with its U.S. headquarters in San Francisco, CA. Declaration of Laurence Rosen ("Rosen Decl."), Exhibit 3. Lilium conducts business in California. Lilium Aviation Inc., a subsidiary of Lilium, originally registered on October 13, 2020 to do business in California, with its agent in Marina Del Rey, California. On March 8, 2021 Lilium Aviation Inc. re-registered in California, with its agent in Marina Del Rey, California again. Rosen Decl. Ex. 4. Lilium maintains an office in San Francisco (the "S.F. Office"). In Securities and Exchange Commission ("SEC") filings, the Company states Defendant Engle, a board member of Lilium and founder and CEO of Qell, works in the S.F. Office. Rosen Decl. Ex. 5. Potential class members, including Cutler Group LP, one of the Company's top institutional holders, are headquartered in California.[2]

---

[2] Lilium Institutional Ownership, NASDAQ https://www.nasdaq.com/market-activity/stocks/lilm/institutional-holdings (last visited May 18, 2022).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

## III.   ARGUMENT

This Court has "broad discretion" in deciding whether to grant a request to transfer made under 28 U.S.C. §1404(a) and it must be examined on a case by case basis. *Gen. Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Tr.*, No. C 09-1376 SI, 2009 WL 2137094, at *3 (N.D. Cal. July 16, 2009). The moving party bears the burden of demonstrating "that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Id.* Plaintiff does not contest this action could have been brought in the Southern District of Florida but denies transfer is warranted.

In evaluating whether transfer would be more convenient to the parties and witnesses and promote interests of justice, courts consider various factors, including: (1) location where relevant agreements were negotiated and executed;  (2) state most familiar with the governing law; (3) plaintiff's choice of forum; (4) respective parties' contacts with the forum; (5) contacts relating to plaintiff's cause of action in the chosen forum; (6) differences in the costs of litigation in the two forums; (7) feasibility of consolidation of other claims; (8) availability of compulsory process to compel attendance of unwilling non-party witnesses; (9) ease of access to sources of proof; (10) administrative difficulties flowing from court congestion; and (11) local interest in having localized controversies decided at home. *SEC v. Feng*, No. CV 15-9420-CBM-SSx, 2016 WL 7443220, at *1 (C.D. Cal. Apr. 7, 2016) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

Because Section 27 of the Securities Exchange Act of 1934 "specifically provides plaintiffs very broad alternatives in choosing a forum," a securities class action plaintiff's "'choice of forum should rarely be disturbed.'" *Wells Fargo*, 2009 WL 2137094, at *4 (quoting *Sec. Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985)). As a result, a court should only grant a request to transfer if "the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

balance of factors is ***strongly*** in favor of the defendants." *Id.* (emphasis added); *see also Van Slyke v. Cap. One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

Courts analyze the connections between the case and the forum in determining the amount of deference given to plaintiff's choice of forum, or analyze it as an independent factor. *See, e.g.*, *Jones*, 211 F.3d at 498 (listing contacts with the forum as independent factors); *Wells Fargo*, 2009 WL 2137094, at *4 (analyzing contacts with forum in assigning deference to plaintiffs' choice of forum).

## A. Plaintiff's Choice of Forum is Strongly Favored in this Securities Class Action Where There are Substantial Connections Between this Forum and Action

"[C]ourts generally afford substantial weight to a plaintiff's choice of forum." *Gen. Ret. Sys. of City of Detroit v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Tr.*, No. C 09-1376 SI, 2009 WL 2137094, at *4 (N.D. Cal. July 16, 2009). Granted, that rule is given somewhat less weight "when an individual brings a derivative suit or represents a class." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "However, [Section 27 of the Securities Exchange Act of 1934] specifically provides plaintiffs very broad alternatives in choosing a forum, and '[w]ithout question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum, and unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.'" *Wells Fargo*, 2009 WL 2137094, at *4 (quoting *Vigman*, 764 F.2d at 1317). And, when Congressional desire to "broaden a . . . plaintiff's choice of forum" results in legislation "[w]here venue is governed by a more permissive standard, a plaintiff's choice is entitled to greater deference as a matter of law, even where that case is brought as a class action." *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 537 (N.D. Cal.

- 4 -

2005), *overruled in part on other grounds by Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011).

Here, Plaintiff chose to file this action in the Central District of California. This choice should be given "great deference as a matter of law" in light of Congress's broad venue provisions as related to federal securities cases. *Ellis*, 372 F. Supp. 2d at 537; *see also Wells Fargo*, 2009 WL 2137094, at *4.  Defendants raise concerns about the lack of information regarding Gnanaraj's residence.  Def. Mem. at 10.  Plaintiff's counsel is confused by this.  The Civil Cover Sheet, Dkt. No. 2, clearly indicates Gnanaraj resides in Singapore.  Plaintiff's choice of the Central District of California makes sense, as Los Angeles, CA is much closer to Singapore than Boca Raton, Florida.[3]  California is more convenient because it takes less time to fly from Singapore to California than it does to fly to Florida.[4]  Plaintiff was aware he may need to travel to California for hearings but did not choose or expect to travel to Florida.

The significant connections between this forum and the facts relating to Defendants in this case strongly militate against transfer. This case is brought on behalf of investors in Lilium securities, significant quantities of Lilium stock were purchased by California-based investors. According to Nasdaq.com, Cutler Group LP, with headquarters in California, is a top institutional holder of Lilium Securities.[5]

---

[3] Furthermore, Defendants allege that the Central District of California "would not be inconvenient to [Gnanaraj]" and call for his appearance at the hearing for this motion to transfer.  Def. Mem. at 10.  Defendants' claims are without merit and unsupported by evidence.  Defendants allege individual defendants residing or working in California would be inconvenienced by traveling to the Central District of California, but do not seem to hold such sympathies for a resident of Singapore. Defendants' request that Gnanaraj appear at the hearing should not be granted.

[4] *Google Flights*, GOOGLE, https://www.google.com/flights (last visited May 19, 2022).

[5] Lilium N.V. Institutional Ownership, NASDAQ https://www.nasdaq.com/market-activity/stocks/lilm/institutional-holdings (last visited May 18, 2022).

- 5 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

Additionally, as Defendants admit, Lilium actively conducts business within California. Lilium's subsidiary, Lilium Aviation Inc., is registered to do business in California, and its registered agent is in Marina Del Rey, CA, an unincorporated community in Los Angeles, CA. *See* Rosen Decl., Ex. 4. Defendants state in SEC filings that Defendant Engle, a board member of Lilium and the founder and CEO of Qell prior to the merger, works in San Francisco. Lilium Aviation Inc. is *prima facie* an alter ego of Lilium. Lilium Aviation Inc. does not have its own website or conduct its own business. Lilium Aviation Inc. was registered, terminated, and re-registered in Marina Del Rey by Lilium. As such, Lilium Aviation Inc. is but a "mere instrumentality" of Lilium. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134-35 (9th Cir. 2003) (holding that a *prima facie* showing that a subsidiary is a parent's alter-ego is sufficient to establish jurisdiction). Thus, Lilium has connections to California and the Central District of California is a proper venue.

Defendants erroneously argue for transfer because the Company's "operations in the United States are principally based in Boca Raton, Florida," and that the "majority of Lilium's U.S. employees are located in Florida."

First, Defendants' carefully worded Declaration **concedes** that some, not all, of the preparatory work for the merger between Lilium and Qell took place in Florida. Brown Decl. ¶4 ("Some of the preparatory work for Lilium's merger with Qell Acquisition Corp. [. . .] took place in Boca Raton, Florida."). Furthermore, numerous misstatements alleged in the Complaint were made in California. *See* Rosen Decl., Ex. 1, 2.

Second, to the extent any misrepresentations were issued in Florida, the location where misrepresentations are made in a securities case do not dictate the "center of gravity" or the exclusive location of the "operative facts." *Rafton v. Rydex Series Funds*, No. C 10-1171 CRB, 2010 WL 2629579, at *3 (N.D. Cal. June 29, 2010) (rejecting contention that because the alleged misrepresentations were prepared at

- 6 -

defendants' Maryland headquarters meant that Maryland was the "center of gravity" of the case, or that "all of the 'operative facts'" took place there). Accordingly, because Defendants marketed securities on a national exchange which reached this District, a substantial number of shares were purchased by investors in this District, and California investors have likely been harmed as a result of alleged misstatements that entered this District, transfer is unjustified.

Third, Defendants have failed to provide sufficient competent evidence this District is not the "center of gravity" where the underlying facts giving rise to the action occurred. The allegations here are sui generis. Plaintiff alleges Defendants made false and misleading statements and/or omissions regarding Lilium Jets. *See* Compl. ¶ 26. Defendants fail to present any evidence whatsoever that the material misrepresentations, and those who made them, are inextricably tied to Boca Raton, FL. In fact, none of the individual defendants named in the complaint reside in the Southern District of Florida. *See* Def. Mem. at 3.  The 424B3 Prospectus Statement included a letter to shareholders signed by Defendant Engle in San Francisco.  Press releases prior to the merger that contained misstatements were published from California.  Rosen Decl. Ex. 1, 2.  Even if the underlying facts did not occur in this District, transfer is disfavored due to the other mentioned significant contacts with this District.

Defendants further rely on *In re Yahoo! Inc.*, 2008 U.S. Dist. LEXIS 20605, at *24 (C.D. Cal. Mar. 10, 2008), *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) and *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) for the proposition that Plaintiff's choice of forum is entitled ***no*** deference because this is a class action.  Def. Mem. at 8-9. This is facially untrue.  At least two other California courts have held the ordinary level of deference applies to class actions as it does non-class actions. *Wells Fargo*, 2009 WL 2137094, at *4 (granting plaintiffs' choice of forum "considerable deference" and distinguishing *Yahoo* as standing for the proposition that the "special venue provision does not ***enhance*** the deference afforded

- 7 -

to plaintiffs' choice"); *Ellis*, 372 F. Supp. 2d 530, 537-38 (holding plaintiff's choice of forum "is entitled to greater deference as a matter of law" if suing under a statute reflecting Congress's intent to "expand[] the available fora" "even where that case is brought as a class action"). This is even truer here given the significant connections this action has to this District and potential class members located here, notwithstanding that Plaintiff has not alleged he is a California resident.[6]

**B. There is No Compelling Reason for Transfer Under Other 1404(a) Factors**

### 1. Defendants Fail to Show How This Forum is Less Convenient for the Parties and Non-Party Witnesses

Defendants argue they and their non-party witnesses would be inconvenienced absent transfer. Def. Mem. at 6-13. Defendants' purported concerns are wholly contrived. In reality, litigating the case in this forum will have little impact on the convenience of the parties and witnesses.

Lilium employees in Florida will not be compelled to travel to California to give deposition testimony. Depositions can and will be taken in a location convenient to their jobs and homes.[7] *See, e.g.*, *Van Slyke*, 503 F. Supp. 2d at 1363 ("Depositions are not a factor since they usually occur where witnesses reside anyway."). The "convenience of a litigant's employee witnesses [is] entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Eureka Inventions, LLC v. Bestway (USA), Inc.*, No. C 15-00701 JSW, 2015 WL 3429105, at *3 (N.D. Cal. May 27, 2015). Furthermore, two of the three named

---

[6] Defendants argue less deference is due Plaintiff's choice of forum as he does not allege to be a California resident. Def. Mem. at 7-8, 12. Plaintiff's civil cover sheet makes clear he is not a U.S. resident, (Dkt. No. 2). Plaintiff chose the Central District of California as his venue. As such, Plaintiff's forum choice should be afforded great weight. There are significant connections between this action and District.

[7] As with many securities cases, Plaintiff's counsel will work with defense counsel to conduct discovery efficiently even if that means deposing potential witnesses in Florida or another agreed upon forum.

- 8 -

individual defendants reside in or work in California.  Def. Mem. at 3; *see also*, Rosen Decl. Ex. 5.  It is disingenuous for Defendants to then argue that the Central District of California is more inconvenient than the Southern District of Florida.

As for non-party witnesses, Defendants have not submitted sufficient evidence they would be inconvenienced by a trial in California. To make this showing, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance. *Royal Queentex Enterprises v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *6 (N.D. Cal. Mar. 1, 2000). In *Royal Queentex Enterprises*, the court held that while the defendant generally identified twelve third-party witnesses, the companies they worked for, and general subject matter of their testimony, the defendant failed to explain "specifically who the inconvenienced witness will be, what their specific testimony will be, [] how that testimony will be relevant to [the] case. . .  [and, importantly,] that their witnesses would be unable to travel to California to defend suit[.]" *Id*. at *6-7.

Defendants here have not even provided the identities of any non-party witness they are likely to call at trial, much less submit an affidavit describing the relevance or importance of the testimony such a witness might provide, or that those witnesses would be unable to attend trial in California. *See id*. Defendant has merely stated, in conclusory fashion, that "the Southern District of Florida is more convenient for potential witnesses." Def. Mem. at 11. This is insufficient. *See Royal Queentex Enterprises*, 2000 WL 246599, at *6-7.

Also, if any non-party witness is unable or unwilling to attend a trial in Los Angeles and cannot be compelled to do so, this Court's nationwide subpoena power allows their testimony to be secured by deposition, including by video deposition, which can capture evidence of demeanor and credibility. *See, e.g., VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014) (finding factor neutral in light of court's nationwide subpoena power

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

which can compel trial testimony through potential use of video deposition); *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 209 (S.D.N.Y. 1998) (holding transfer unwarranted where deposition testimony is "an available alternative to live testimony"); *see also Feng*, 2016 WL 7443220, at *3 n. 3 ([N]on-party witnesses identified by Defendants may testify live by video if called at trial."). Thus, the alleged inconvenience to nonparty witnesses does not support transfer, and is at best, neutral.

### 2. Defendants Fail to Show Costs to Litigate in this Forum Would be Greater

Defendants do not specifically compare the difference in litigation costs it would incur in the two fora. Def. Mem. at 11-13. Transfer would increase litigation expenses for both parties or, at minimum, shift them on Plaintiff.

The offices of Plaintiff's counsel and defense counsel of record are located in California.  Defense counsel and his firm do not have any Florida offices.[8]  Thus, if the case is transferred to Florida, Defendants will be required to hire local counsel—actually driving up litigation costs.

Plaintiff's counsel has no offices in the Southern District of Florida.  Since neither counsel is physically located in the Southern District of Florida, transfer would require multi-hour flights to Florida for court appearances which could be avoided if this action remained here.  *Elite Apparel, LLC v. Dallas Cowboys*, No. 13-CV-1038 H (WVG), 2013 WL 12116606, at *3 (S.D. Cal. Nov. 5, 2013) (rejecting transfer as defendants did "not sufficiently address the difference in costs"); *see also LRN Corp. v. RGA Reinsurance Co.*, No. 2:14-CV-05771-SVW-RZ, 2015 WL 13285086, at *3 (C.D. Cal. Jan. 20, 2015) (finding no evidence that transfer would reduce net expenditure, noting Plaintiff's additional costs in litigating far from its main offices). This factor weighs against transfer.

---

[8] U.S. Office Locations of Freshfields Bruckhaus Deringer US LLP, *available at*, https://www.freshfields.com/en-gb/what-we-do/working-globally/americas/united-states/ (last visited May 19, 2022).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

### 3. The Location of Documents and Ease of Access to Proof Does Not Favor Transfer

Defendants emphasize the location of relevant documents and ease of access to proof supports their motion. Def. Mem. at 12-13. Defendants are incorrect.  First, the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Trendsettah USA, Inc. v. Swisher Int'l Inc.*, No. SACV14-01664-JVS-DFMX, 2015 WL 12697653, at \*5 (C.D. Cal. Feb. 3, 2015) (internal citation and quotation marks omitted); *Feng*, 2016 WL 7443220 at \*4 (finding "the ease of access to sources of proof factor does not weigh in favor of transfer"). Plaintiff does not know where Defendants' documents are stored. As a practical matter, modern day electronic document production where documents are primarily stored in electronic format makes the location where documents are stored largely irrelevant. At the very least production of documents in this District will not be a great burden. This weighs against transfer.

### 4. This District has Greater Familiarity with Federal Securities Laws

The Central District of California and Southern District of Florida are both capable of adjudicating this federal securities class action. This District, however, is more appropriate because courts here are more experienced within this area of law given the level of activity. There have been approximately 415 securities class actions filed in this District from 1996 to May 2022, compared to approximately 178 in the Southern District of Florida.[9]  This factor weighs slightly against transfer.

### 5. The Location of Agreements is Neutral

No contractual disputes have been alleged, this being a putative class action involving alleged violations of federal securities laws. This factor is neutral.

## IV.   A MOTION TO TRANSFER IS PREMATURE AT THIS STAGE OF THE LITIGATION

---

[9]   *Securities Class Action Clearinghouse*, Stanford Law School, http://securities.stanford.edu/filings.html (last visited May 18, 2022).

- 11 -

At minimum, the lead plaintiff should be given an opportunity to weigh in on this motion. *Ahrens v. Cti Biopharma Corp.*, No. 16 CIV. 1044 (PAE), 2016 WL 2932170, at \*2 (S.D.N.Y. May 19, 2016) (directing lead plaintiff movants to state their support or opposition to a motion to transfer filed before lead plaintiff motions were fully briefed). The lead plaintiff deadline is June 17, 2022. Once lead plaintiff motions are filed it is generally clear who has the largest loss and which movant will likely be appointed lead plaintiff. The lead plaintiff who will ultimately control this litigation pursuant to the PSLRA should be permitted to submit his, her or its position on transfer. *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1020 (N.D. Cal. 1999) ("Congress expected that ***the lead plaintiff would*** [. . .] ***monitor, manage and control the litigation***, making, as is the case in ordinary cases, litigation decisions[.]") (Emphasis added).

## V. CONCLUSION

Defendants' motion to transfer should be denied. The Central District of California is an appropriate venue for this action. At minimum, this Court should delay decision until the lead plaintiff or all lead plaintiff movants are given an opportunity to address Defendants' Motion to Transfer.

Dated: May 19, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW

## **CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner at The Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen. May 19, 2022 I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on May 19, 2022.


                                        /s/ Laurence M. Rosen
                                        Laurence M. Rosen, Esq

- 13 -

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE, 2:22-cv-02564-FMO-MRW