Kim E. Miller (178370)
KAHN SWICK & FOTI, LLC
250 Park Ave., 7th Floor
New York, NY 10177
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

*Counsel for Movant, Jonathan Coon*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MANIRAJ ASHIRWAD GNANARAJ, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LILIUM N.V. F/K/A QELL ACQUISITION CORP., BARRY ENGLE, DANIEL WIEGAND, and GEOFFREY RICHARDSON, <br><br> Defendants. | Case No. 2:22-cv-02564-FMO <br><br> **JONATHAN COON'S OMNIBUS OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **CLASS ACTION** <br><br> Judge: Hon. Fernando M. Olguin <br> Date: Thursday, July 21, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 6D – 6th Floor |

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT.......................................................................................................2

     A.     Mr. Coon Is Presumptively the Most Adequate Plaintiff ....................2

          1.     Mr. Coon Possesses the Largest Financial Interest ...................2

          2.     Mr. Coon is Typical and Adequate..............................................4

     B.     The Remaining Movants Are Not The "Most Adequate Plaintiff" ......6

III.    CONCLUSION .................................................................................................6

## I.    INTRODUCTION

Movant Jonathan Coon ("Mr. Coon") respectfully submits this omnibus memorandum of law in opposition to the competing motions for appointment as lead plaintiff and in further support of his motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1) appointing him as Lead Plaintiff in the above-captioned Action filed against Lilium N.V. f/k/a Qell Acquisition Corp. ("Lilium" or the "Company") and other related Defendants; and (2) approving his selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, the presumptive lead plaintiff is Mr. Coon. With losses exceeding $990,400, Mr. Coon has the largest financial interest of all movants seeking appointment as lead plaintiff. Mr. Coon further satisfies the adequacy and typicality requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Accordingly, his motion should be granted.

In addition to Mr. Coon's lead plaintiff motion (ECF No. 29), three competing motions were filed by: (i) Mark Cataldo; (ii) James D. Stinson; and (iii) Maniraj Ashirwad Gnanaraj. *See* ECF Nos. 31, 35, and 24, respectively.[1] Of the remaining movants, Mr. Coon possesses far and away "'the largest financial interest in the relief sought by the class[,]'" having suffered losses exceeding $990,400 on his transactions in Lilium common stock during the Class Period. *See In re Cavanaugh*, 306 F.3d 726, 730, 732 (9th Cir. 2002) ("[A] straightforward application of the statutory scheme . . .

---

[1] On June 23, 2022, Mr. Stinson filed a Notice of Non-Opposition to Competing Motions for Appointment as Lead Plaintiff and Approval of Counsel, acknowledging that he does not possess the "largest financial interest" in the relief sought by the Class. ECF No. 39.

provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case."). The movant with the next largest claimed loss, Mr. Cataldo, claims a loss of $296,374.24—less than 30% of the loss claimed by Mr. Coon. *See* ECF No. 33-2; *see also* § II.B, *infra*.

As set forth in the chart below, Mr. Coon also significantly surpasses every remaining movant in every other *Olsten-Lax* factor, which courts in the Ninth Circuit often consider to determine who possesses the largest financial interest. *See Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, 2016 U.S. Dist. LEXIS 196769, at *5-6 (C.D. Cal. 2016) (listing factors); *see also Robb v. Fitbit Inc.*, 2016 U.S. Dist. LEXIS 62457, at *8-12 (N.D. Cal. 2016) (same).

| Proposed Lead Plaintiff | (1) Class Period Purchases | (2) Net Shares Retained | (3) Net Expenditures | (4) Claimed Losses |
|---|---|---|---|---|
| Coon | 150,000 | 150,000 | $1,490,505.00 | $(990,412.26) |
| Cataldo | 80,000 | 70,000 | $528,893.24 | $(296,374.24) |
| Gnanaraj | 501 | 501 | $4,453.89 | $(2,777.47) |

Regardless of which metric is used here, Mr. Coon outranks the other movants and possesses the largest financial interest. Further, as detailed in his motion, Mr. Coon satisfies the adequacy and typicality requirements of Rule 23. *See* ECF No. 29. Accordingly, Mr. Coon's lead plaintiff motion should be granted, and the others denied. *See Cavanaugh*, 306 F.3d at 732 (the PSLRA does not "authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis").

## II.   ARGUMENT

### A.   Mr. Coon Is Presumptively the Most Adequate Plaintiff

#### 1.   Mr. Coon Possesses the Largest Financial Interest

Mr. Coon is the presumptive lead plaintiff under *Cavanaugh* because he suffered

losses exceeding $990,400 from his investment in Lilium securities, far exceeding losses claimed by every other competing movant. *See* ECF No. 30-2; *see also Paddock v. Dreamworks Animation SKG, Inc.*, 2014 U.S. Dist. LEXIS 194327, at *6-7 (C.D. Cal. 2014) (losses given the most weight); *Vancouver Alumni Asset Holdings, Inc.*, 2016 U.S. Dist. LEXIS 196769, at *6 (equating loss with financial interest). Notably, in addition to suffering by far the largest loss, Mr. Coon also outranks every remaining movant in **all** of the remaining *Olsten-Lax* factors. *See* chart, § I *supra*; *see also Montag v. Volkswagen Ag.*, 2021 U.S. Dist. LEXIS 169033, at *5 (C.D. Cal. 2021) (losses most important factor in determining financial interest). Accordingly, Mr. Coon is entitled to the statutory presumption under the PSLRA that he is the "most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730.

Mr. Coon has respectfully submitted a supplemental declaration further detailing his transactions in Lilium securities, including the specific dates and prices of each individual transaction, and certifying their accuracy. *See* Declaration of Kim E. Miller in Support of Jonathan Coon's Omnibus Opposition to Competing Motions for Lead Plaintiff ("Miller Opp Decl."), Ex. 1.[2] The supplemental information provided here simply confirms that Mr. Coon purchased 150,000 shares during the Class Period, all of which was retained, resulting in a loss exceeding $990,400 on his investment in

---

[2] Courts frequently consider supplemental information, particularly where it establishes no meaningful reason to deny the presumptive lead plaintiff's appointment. *See*, *e.g.*, *Blake v. Canoo Inc., et al.*, No. CV 21-2873 FMO (JPRx), Slip Op. at *9-10 (C.D. Cal. Feb. 18, 2022) (collecting cases, noting the Court was "unpersuaded" that a purportedly defective initial certification "should disqualify [movant] from being appointed lead plaintiff, especially in light of his subsequent filing of [. . .] a revised certification."). Mr. Coon's declaration properly provides, under oath, additional information. *See Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *14 (N.D. Cal. 2021) ("Even if it would have been ideal to include the missing paragraph in the certification and not the declaration, accepting this argument would be a meaningless exaltation of form over substance.").

Lilium securities. *Cf.* Miller Opp. Decl., Ex's 1 and 2 *with* ECF No. 30-2.[3]

### 2.      Mr. Coon is Typical and Adequate

After identifying the movant "with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory [adequacy and typicality] requirements." *Cavanaugh*, 306 F.3d at 732. "This inquiry 'is not a relative one.'" *Andrade v. Am. Apparel, Inc.*, 2011 U.S. Dist. LEXIS 79795, at *27 (C.D. Cal. 2011); *see Cavanaugh*, 306 F.3d at 732 n.10 ("Once the presumption is triggered . . . the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job."). Given his loss, *Cavanaugh* mandates that the Court consider Mr. Coon's adequacy and typicality before examining any other movant. 306 F.3d at 732; *see also Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021). As set forth in his opening memorandum and Certification attached thereto, Mr. Coon is both typical and adequate under Rule 23. *See* ECF Nos. 29 and 30-1; *see also Cavanaugh*, 306 F.3d at 732.

Rule 23's typicality requirement is met when the putative lead plaintiff has been harmed in the same manner as absent class members by defendants' conduct. *See In re Century Aluminum Co. Sec. Litig.*, 2009 U.S. Dist. LEXIS 81205, at *15 (N.D. Cal. 2009) ("If defendants' course of conduct gave rise to all class members' claims and if 'defendants have not taken any action unique to the named plaintiff, then the representative's claim is typical.'"); *see also Vancouver Alumni Asset Holdings, Inc.*, 2016 U.S. Dist. LEXIS 196769, at *7. "[T]he central question . . . is whether defendants made misrepresentations that artificially inflated the company's stock price, and there is no suggestion that defendants took any action specific to [Mr. Coon] that would render him atypical." *Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at *15-16.

---

[3] The variance of $9.99 is attributable to rounding, and immaterial to the ranking of the remaining movants.

JONATHAN COON'S OMNIBUS OPPOSITION      4      CASE No. 2:22-cv-02564-FMO
TO COMPETING MOTIONS FOR LEAD PLAINTIFF

Like other putative class members, Mr. Coon: (i) purchased or otherwise acquired Lilium securities during the Class Period; (ii) did so in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (iii) suffered damages from purchasing artificially inflated securities and then suffered harm when the truth was revealed. Accordingly, he is typical. *See id*. at \*16. There is no meaningful suggestion—much less any evidence—to the contrary.

A representative party must also "fairly and adequately protect the interests of the class." *Montag*, 2021 U.S. Dist. LEXIS 169033, at \*6; *Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at \*9-10 (N.D. Cal. 2017). Here, Mr. Coon is adequate because his interests are clearly aligned with the members of the class and there is no evidence of antagonism between his interests and those of other class members. *See Paddock*, 2014 U.S. Dist. LEXIS 194327, at \*8-9. In addition, both Mr. Coon and his counsel will vigorously fulfill their duties to the class. *See* ECF No. 30-1; *see also* Miller Opp. Decl., Ex. 1 at ¶¶ 6-8. Mr. Coon also provided personal and professional background in his motion and submitted a timely and accurate Certification pursuant to the PSLRA wherein he indicated that he "is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary." *See* ECF No. 29 at 9; ECF No. 30-1 at ¶ 3; *see Cavanaugh*, 306 F.3d at 732 n.10; *Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at \*16.

Because Mr. Coon has the largest financial interest in the relief sought by the class and otherwise satisfies Rule 23, he is presumptively "[t]he most adequate plaintiff" under the PSLRA. *See In re Cheetah Mobile, Inc. Sec. Litig.,* 2021 U.S. Dist. LEXIS 6266, at \*6-8 (C.D. Cal. 2021). To overcome the strong presumption that Mr. Coon is the most adequate plaintiff, the PSLRA requires proof that the presumptive Lead Plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists here and any "'speculative assertions are insufficient to rebut the presumption' regarding most adequate plaintiff." *Andrade*, 2011 U.S. Dist. LEXIS 79795, at \*40-41.

### B.    The Remaining Movants Are Not The "Most Adequate Plaintiff"

The remaining movants require only passing mention. *Cavanaugh*, 306 F.3d at 732 ("The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff [here, Mr. Coon] is found inadequate or atypical").

Mr. Cataldo does not possess the largest financial interest. His gross purchases, net purchases, and net expenditures are all considerably less than Mr. Coon's, as are his claimed losses—which are some ***$694,000 less***. *Cf.* ECF No. 30-2 ($990,412.26) *with* ECF No. 33-2 ($296,374.24); *see Montag*, 2021 U.S. Dist. LEXIS 169033, at *5 (losses most important factor in determining financial interest). Similarly, Mr. Gnanaraj should not be appointed lead plaintiff because his financial interest in this case is considerably smaller than Mr. Coon's. *Cf.* ECF No. 30-2 (150,000 shares; claimed losses of $990,412.26) *with* ECF No. 26-3 (501 shares; claimed losses of $2,777.47).

In sum, because the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case[,]" their respective motions should be denied. *Cavanaugh*, 306 F.3d at 732.

## III.    CONCLUSION

For the foregoing reasons, Mr. Coon respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of KSF as Lead Counsel.

Respectfully submitted,

Dated: June 27, 2022

KAHN SWICK & FOTI, LLC

By:   */s/ Kim E. Miller*

Kim E. Miller (178370)
KAHN SWICK & FOTI, LLC
250 Park Ave., 7th Floor
New York, NY 10177
Telephone: (504) 455-1400

Facsimile: (504) 455-1498
kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
(*pro hac vice to be submitted*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 3200
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com

*Counsel for Movant, Jonathan Coon*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper *via* the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

_/s/ Kim E. Miller_
KIM E. MILLER

JONATHAN COON'S OMNIBUS OPPOSITION
TO COMPETING MOTIONS FOR LEAD PLAINTIFF

7

CASE No. 2:22-cv-02564-FMO

**Mailing Information for a Case 2:22-cv-02564-FMO-MRW Maniraj Ashirwad Gnanaraj v. Lilium N.V. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Boris Feldman**
  boris.feldman@freshfields.com,6188914420@filings.docketbird.com,sheana.chandar@freshfields.com

- **Melissa A Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **Doru Gavril**
  doru.gavril@freshfields.com,jonathan.sampson@freshfields.com,6188914420@filings.docketbird.com,anthony.denatale@freshfields.com,sheana.chandar@freshfields.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Drew S Liming**
  drew.liming@freshfields.com,sheana.chandar@freshfields.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,matthew.woodard@ksfcounsel.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,fgravenson@pomlaw.com,ipareja@pomlaw.com

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)