# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIRAJ ASHIRWAD GNANARAJ, individually and on behalf of all other similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>LILIUM N.V., et al.,<br><br>     Defendants. | Case No. CV 22-2564 FMO (MRWx)<br><br>**ORDER TRANSFERRING ACTION** |

Having reviewed and considered all the briefing filed with respect to plaintiff Maniraj Ashirwad Gnanaraj's ("plaintiff") Motion to Transfer Venue (Dkt. 15, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On April 18, 2022, plaintiff filed a putative class action against Lilium N.V. ("Lilium"), Daniel Wiegand ("Wiegand"), Geoffrey Richardson ("Richardson"), and Barry Engle ("Engle") (collectively, "defendants"), asserting violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934. (See Dkt. 1, Complaint). According to plaintiff, defendants made false and misleading statements concerning the Lilium Jet, "an electric vertical take-off-and-landing [] aircraft[,]" in the

context of a merger involving Qell Acquisition Corp. and Lilium GmbH.[1] (Id. at ¶¶ 7, 26). As a result, plaintiff alleges that Lilium's stock price was artificially inflated, and plaintiff and other class members suffered damages. (See id. at ¶¶ 6, 33, 49).

Defendants filed the instant Motion pursuant to 28 U.S.C. § 1404(a),[2] seeking to transfer this action to the Southern District of Florida. (See Dkt. 15, Motion); (Dkt. 15-1, Defendants' Memorandum of Points and Authorities [] ("Memo") at 2). Defendants contend that this action has no connection to the Central District of California, (see Dkt. 15-1, Memo at 3-4, 6-11), and that the Southern District of Florida is more convenient for the parties and witnesses. (See id. at 11-13).

## LEGAL STANDARD

A district court "may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964) (internal quotation marks omitted), superseded by statute on other grounds.

In general, to transfer an action, the court must first be satisfied "that venue is proper in the transferor district[,]" and "that the transferee district is one where the action might have been brought[.]" Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F.Supp. 503, 506 (C.D. Cal. 1992). If these two conditions are satisfied, the court must then weigh multiple factors to determine whether a transfer of venue serves the convenience of the parties and witnesses and promotes the interests of justice. While there is no definitive list of factors, courts typically look to some or all of the following factors to determine whether transfer to the alternative forum is proper: (1) the plaintiff's choice of forum; (2) the contacts relating to the plaintiff's cause of action in the chosen forum; (3) the location where the relevant activities occurred; (4) the convenience

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

[2] Unless otherwise noted, all section references are to Title 28 of the United States Code.

to parties and witnesses; (5) the ease of access to sources of evidence; (6) the state that is most familiar with the governing law; (7) the differences in the costs of litigation in the two forums; and (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). In addition, "the relevant public policy of the forum state" is another "significant [] factor in the § 1404(a) balancing." Id. at 499.

## DISCUSSION

I.   PRELIMINARY FACTORS.[3]

"Analysis under § 1404 is two-fold. First, the defendant must establish that the matter might have been brought in the district to which transfer is sought. This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." Metz v. U.S. Life Ins. Co. in City of New York, 674 F.Supp.2d 1141, 1145 (C.D. Cal. 2009) (internal citation and quotation marks omitted).

As for the first requirement, plaintiff does not dispute that this case could have been filed in the Southern District of Florida. (See Dkt. 17, Opposition to Defendants' Motion to Transfer Venue ("Opp.") at 3) ("Plaintiff does not contest this action could have been brought in the Southern District of Florida but denies transfer is warranted."). Thus, the first prong of § 1404(a) is satisfied, "and the Court will proceed to assess the convenience and fairness factors." Park v. Dole Fresh Vegetables, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013); see, e.g., Kia Motors Am.,

---

[3] The court may transfer a case pursuant to § 1404(a) without deciding whether it has personal jurisdiction over a defendant or whether venue in this District is proper. See, e.g., Kawamoto v. CB Richard Ellis, Inc., 225 F.Supp.2d 1209, 1211 (D. Haw. 2002) ("Because this court may transfer venue under either § 1404(a) or § 1406(a) without regard to whether it has personal jurisdiction over CBRE, this court need not decide the issue of personal jurisdiction before deciding to transfer venue."); Microsoft Corp. v. Hagen, 2010 WL 11527312, *1 (E.D. Cal. 2010) ("The court need not determine whether there is personal jurisdiction or proper venue in the Eastern District of California."); Lozano v. Giovino, 2015 WL 5023003, *3 n. 3 (E.D. Cal. 2015) (concluding court "need not decide whether it has personal jurisdiction over a case before transferring it under 28 U.S.C. 1404(a)"). The court will therefore first determine whether this case should be transferred for the convenience of the parties, witnesses, and in the interests of justice.

Inc. v. MPA Autoworks, 2006 WL 8074721, *4 (C.D. Cal. 2006) ("It is undisputed that this action could have been brought in the District of Minnesota. Thus, the court turns to the second statutory requirement."); Hendricks v. StarKist Co., 2014 WL 1245880, *2 (N.D. Cal. 2014) (the plaintiff did not dispute the defendant's showing regarding whether the transferee district was one where the action might have been brought and the court proceeded to only examine the factors under the second step).

II. WHETHER TRANSFER SERVES THE CONVENIENCE OF THE PARTIES AND WITNESSES AND PROMOTES THE INTERESTS OF JUSTICE.

A. Plaintiff's Choice of Forum and the Locus of Relevant Activities.

Plaintiff contends that his choice of forum in the Central District of California should be afforded considerable weight. (Dkt. 17, Opp. at 4-8). The court disagrees for multiple reasons.

First, where plaintiff is not a resident of the forum, the choice of forum is accorded less deference.[4] See, e.g., Sorensen v. Phillips Plastics Corp., 2008 WL 4532556, *4 (N.D. Cal. 2008) (according plaintiff's choice of forum less deference when plaintiff resided in the Southern District of California and action was filed in the Northern District of California). Also, "a foreign plaintiff's forum choice deserves less deference than the forum choice of a domestic plaintiff." Metz, 674 F.Supp.2d at 1146 (cleaned up). Here, plaintiff is a resident of Singapore. (See Dkt. 17, Opp. at 1).

Second, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg., 834 F.2d 730, 739 (9th Cir. 1987). The significance of plaintiff's choice of forum is further diminished because he no longer seeks to be appointed lead plaintiff. (See Dkt. 42, Notice of Non-Opposition of Maniraj Ashirwad Gnanaraj to Completing Lead Plaintiff Motions ("Gnanaraj Notice of Non-Opposition")); see,

---

[4] None of the other three plaintiffs who filed motions to be appointed lead plaintiff stated that they are residents of the Central District of California. (See, generally, Dkt. 29, Jonathan Coon's [] Motion for Appointment as Lead Plaintiff []); (Dkt. 32, Memorandum of Points and Authorities in Support of Mark Cataldo's Motion for Appointment as Lead Plaintiff []); (Dkt. 36, Memorandum of points and Authorities in Support of James D. Stinson for Appointment as Lead Plaintiff []). Nor have the other plaintiffs opposed the instant Motion. (See, generally, Dkt.).

e.g., Sanchez v. Centene Corp., 2017 WL 11496768, *2 (C.D. Cal. 2017) (plaintiff's "choice of forum is not entitled to much deference because . . . he is not seeking to be appointed lead plaintiff").

Plaintiff's contention that the special venue provision at § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa,[5] requires that his choice of venue "be given great deference as a matter of law[,]" (Dkt. 17, Opp. at 5) (internal quotation marks omitted), is unpersuasive. While "plaintiffs are free to lay venue in the forum of their choice" under 15 U.S.C. § 78aa, "that choice of forum must be measured by the standards of § 1404(a)." In re Yahoo! Inc., 2008 WL 707405, *7 (C.D. Cal. 2008). Moreover, "[t]he majority of decisions that have considered the securities acts' special venue provisions against the line of cases rejecting deference to the plaintiff's choice of forum in class and derivative actions hold that, where the class plaintiffs are not residents of the chosen forum, their chosen forum deserves no special treatment." Id.

Third, deference to the plaintiff's choice of venue is further diminished "if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." Metz, 674 F.Supp.2d at 1146 (internal quotation marks omitted). In other words, the weight granted to "plaintiff's chosen venue is substantially reduced where [it] . . . lacks a significant connection to the activities alleged in the complaint." Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (internal quotation marks omitted). Indeed, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949,

---

[5] Section 78aa provides, in relevant part, that "[a]ny suit or action to enforce any liability or duty created by [the 1934 Act] or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." 15 U.S.C. § 78aa(a).

954 (9th Cir. 1968).

Here, the court is not persuaded that the Central District of California has a "significant connection" with the activities alleged in the Complaint. See Williams, 157 F.Supp.2d at 1106. None of the defendants reside in the Central District of California.[6] (See Dkt. 1, Complaint at ¶¶ 8-11); (Dkt. 15-1, Memo at 3). Plaintiff asserts that Lilium's subsidiary, Lilium Aviation Inc., "is registered to do business in California, and its registered agent is in Marina Del Rey" within the Central District. (Dkt. 17, Opp. at 6); (see Dkt. 17-1, Declaration of Laurence M. Rosen [] ("Rosen Decl.") at ¶ 4); (id., Exh. 4) (an alleged "copy of Lilium's U.S. business address"). However, plaintiff fails to explain the significance of Lilium Aviation Inc.'s decision to register to do business in California, (see, generally, Dkt. 17, Opp. at 5-6), and none of the allegations in the Complaint appear related to its agent in Marina Del Rey or its decision to register to do business in California. Also, plaintiff's cited document states that Lilium Aviation Inc.'s "principal address" is in Boca Raton, Florida, (see Dkt. 17-1, Exh. 4 at 2), which undercuts his assertion that this action has a connection to this District.[7]

---

[6] Defendant Lilium is incorporated in the Netherlands with its principal executive offices in Germany. (See Dkt. 1, Complaint at ¶ 8). Lilium's "principal U.S. presence is in Boca Raton, Florida[,]" where the majority of its employees are based, including those who work in Lilium's U.S. legal department. (Dkt. 15-2, Declaration of Andrew Brown [] ("Brown Decl.") at ¶¶ 1-3). Defendant Wiegand, Lilium's Chief Executive Officer, (see Dkt. 1, Complaint at ¶ 10), resides in Germany. (See id. at ¶ 7). Defendant Richardson, Lilium's Chief Financial Officer, (see Dkt. 1, Complaint at ¶ 11), resides in Hillsborough, California, which is located in the Northern District of California. (See Dkt. 15-2, Brown Decl. at ¶ 8). Engle, a Lilium director, (see Dkt. 1, Complaint at ¶ 9), "primarily resides in Utah." (See Dkt. 15-2, Brown Decl. at ¶ 9). Although plaintiff's opposition refers Stephen A. Arnall ("Arnall") as a defendant in this case, (see Dkt. 17, Opp. at 2), he does not state where Arnall resides. (See, generally, id.). In any event, Arnall is not identified as a defendant in the Complaint, (see, generally, Dkt. 1, Complaint), and defendants state that they "do not know who Mr. Arnall is[.]" (Dkt. 18, Reply in Support of Motion [] ("Reply") at 2 n. 1).

[7] Plaintiff also asserts that "Lilium's U.S. headquarters is located [in] . . . San Francisco, CA[,]" (Dkt. 17, Opp. at 2), which is not within this District. Although plaintiff purports to cite filings with the U.S. Securities Exchange Commission ("SEC") from "the SEC website[,]" (id.); (Dkt. 17-1, Rosen Decl. at ¶ 4), he instead appears to cite a third-party website containing incorrect data. (See Dkt. 17-4, Exh. 3) (listing Lilium's business address in San Francisco); (Dkt. 18, Reply at 6-7). In any event, the SEC filing attached to defendants' reply states that Lilium is headquartered in Germany with its principal U.S. office in Boca Raton, Florida. (See Dkt. 18-1, Exh. 18-1 at ECF 252) (Form F-1 Registration Statement filed with the California Secretary of State on October 25,

6

Based on the allegations in the Complaint and the record thus far, the court finds that the operative facts did not occur within the Central District of California, and that the subject matter of the litigation lacks any apparent connection to this District. As defendants point out, "the challenged SEC filings were drafted, reviewed, and issued by Lilium's U.S. legal department, which is based in Boca Raton." (Dkt. 15-1, Memo at 7); (see Dkt. 15-2, Brown Decl. at ¶ 3). Plaintiff responds that "to the extent any misrepresentations were issued in Florida, the location where misrepresentations are made in a securities case do not dictate the center of gravity or the exclusive location of the operative facts[,]" in part because "Defendants marketed securities on a national exchange which reached this District[.]" (Dkt. 17, Opp. at 6-7). In securities cases, however, "[m]isrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." In re Hanger Orthopedic Grp., Inc. Sec. Litig., 418 F.Supp. 2d 164, 169 (E.D.N.Y. 2006) (internal quotation marks omitted); see Centene Corp., 2017 WL 11496768, at *2 ("While some plaintiffs purchased their securities in this district, that does not outweigh the fact that Centene's alleged false statements occurred in the Eastern District of Missouri."); City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp. ("City of N. Miami Beach"), 2019 WL 7900030, *3 (C.D. Cal. 2019) (finding that the parties' contacts with the forum favored transfer to New York because the "alleged false statements were spread from National General's headquarters in the Southern District of New York" and the "false statements allegedly made in SEC filings, press releases, and other public statements, were prepared and issued from New York"); Wasson v. LogMeIn, Inc., 2018 WL 6016283, *3 (C.D. Cal. 2018) (finding that "the locus of operative events [was] in the District of Massachusetts" because the action was "based on alleged misstatements which were prepared, certified, and signed in Boston").

In short, the "operative facts have not occurred in the Central District of California and the subject matter of the litigation is not connected to the Central District of California, [and therefore]

---

2021); (see also Dkt. 15-2, Brown Decl. at ¶ 1) (stating that "Lilium's principal U.S. presence is in Boca Raton, Florida").

Plaintiffs choice of forum is afforded less deference." Metz, 674 F.Supp.2d at 1149. It appears the only actual connection this action has to this District is plaintiff's counsel. However, "[t]he convenience of counsel is not considered for purposes of deciding whether a venue is convenient for the purposes of § 1404(a)[.]" Smith v. Aetna Life Ins. Co., 2011 WL 3904131, *2 (N.D. Cal. 2011); see LogMeIn, Inc., 2018 WL 6016283, at *3 ("The convenience of the attorneys that Plaintiff has retained to pursue this action is of little consequence. To conclude otherwise would allow a party to manufacture convenience merely by selecting counsel in a preferred venue.").

      B.     Convenience to the Parties and the Witnesses.

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." LogMeIn, Inc., 2018 WL 6016283, at *3 (internal quotation marks omitted). And "[i]n a securities fraud case, the key witnesses are the officers and employees of the corporate defendant who participated in drafting and disseminating the allegedly false statements at issue." City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc., 2015 WL 12659925, *4 (S.D.N.Y. 2015).

With respect to "assessing the convenience of the parties to a securities action, weighty consideration is given to the location of the defendants." City of N. Miami Beach, 2019 WL 7900030, at *2 (internal quotation marks omitted). "This is because securities class actions focus on defendants' conduct and do not appear to implicate involved questions of fact regarding plaintiffs' behavior." Id. (cleaned up); In re Hanger Orthopedic Group, Inc., 418 F.Supp.2d at 169 ("[B]ecause trials in securities class actions focus almost entirely on the defendants' conduct, defendants' presence at trial is crucial, while matters within any particular plaintiff's individual knowledge would not be particularly relevant to the claims and likely defenses.") (internal quotation marks omitted).

Here, defendants contend that it is more convenient for them to litigate this case in the Southern District of Florida because Lilium's "principal U.S. presence is in Boca Raton, [] where its U.S. legal department is based[,]" (Dkt. 15-1, Memo at 1), and where "preparatory work for the Merger, including the drafting and dissemination of the related disclosures, took place[.]" (Id. at 3). Defendants also assert that the alternative forum is "more convenient for the Individual

8

Defendants and other potential witnesses who do not reside in that district because Company personnel travel to Florida on occasion for business." (Id. at 11-12).  Plaintiff responds that because Lilium employees in Florida "will not be compelled to travel to California to give deposition testimony[,]" this consideration is "entitled to little weight[.]"[8] (Dkt. 17, Opp. at 8) (internal quotation marks omitted).  However, courts routinely recognize that, in general, "litigation costs are reduced when venue is located near the most witnesses expected to testify[.]"  Park, 964 F.Supp.2d at 1095; see Bondali v. Yum! Brands, Inc., 2013 WL 12129379, *6 (C.D. Cal. 2013) (finding that this factor "weigh[ed] heavily in favor of transfer" in a securities class action).  In any event, other than asserting that "[t]ravelling to and from Singapore to Los Angeles is more convenient to Plaintiff as to travel time[,]"[9] (Dkt. 17, Opp. at 1), plaintiff does not set forth any reasons why he would be inconvenienced if this action is transferred to the Southern District of Florida. (See, generally, id. at 8-10); see, e.g., In re Yahoo! Inc., 2008 WL 707405, at *3 (finding that the convenience of the parties weighed in favor of transfer where the plaintiffs provided no reasons why they would be inconvenienced if the action were transferred).  In short, this factor favors transfer.

      C.     Ease of Access to the Evidence.

While plaintiff correctly notes "that advances in technology have made it easy for documents to be transferred to different locations[,]" (Dkt. 17, Opp. at 11) (quoting Trendsettah USA, Inc. v. Swisher Int'l Inc., 2015 WL 12697653, *5 (C.D. Cal. 2015)), as explained above, see supra at § II.B., the bulk of the witnesses (and the documents they created and received) are likely to be located in Boca Raton, Florida.  See, e.g., Park, 964 F.Supp.2d at 1095 ("Although developments in electronic conveyance have reduced the cost of document transfer somewhat, costs of litigation can still be substantially lessened if the venue is in the district in which most of

---

[8] Neither party provided information about the relative convenience of this District or the Southern District of Florida for non-party witnesses.  (See, generally, Dkt. 15-1, Memo at 11-12); (Dkt. 17, Opp. at 8-10).

[9] As noted, plaintiff no longer seeks to be appointed lead plaintiff in this action.  (See Dkt. 42, Gnanaraj Notice of Non-Opposition).  The court therefore accords little weight to his assertions that it is more convenient for him to travel to California than it is to Florida, (see Dkt. 17, Opp. 1, 5), or that transfer will increase litigation costs because his counsel does not have an office in Florida.  (See id. at 10).

9

the documentary evidence is stored."). Accordingly, this factor also favors transfer.

### D. The State Most Familiar with the Governing Law.

Both the Central District of California and the Southern District of Florida regularly hear federal securities class action suits and are equally familiar with the federal securities laws governing this case. See, e.g., Centene Corp., 2017 WL 11496768, at *2 ("Familiarity with the relevant law is neutral because Plaintiff's claims arise under federal securities law and not state law."). This factor is neutral.

### E. Compulsory Process.

As the court noted above, see supra at §§ II.B.-C., most of the evidence and witnesses relevant to this case appear to be in Boca Raton, Florida. It will be much easier to serve process on all witnesses, particularly unwilling witnesses. Thus, this factor also favors transfer to the Southern District of Florida.

### F. Relative Interest of Each State.

Plaintiff's claims arise under the federal securities law, so neither California nor Florida law is implicated. Both states have an interest in protecting their citizens from securities fraud, and as the proposed class is nationwide, it certainly includes citizens of each state. "However, [Florida] has a greater local interest because of its interest in ensuring that corporations doing business within its borders comply with federal securities law, so this favors transfer." Centene Corp., 2017 WL 11496768, at *2. In short, this factor is either neutral or favors transfer.

## CONCLUSION

Having considered the § 1404(a) factors, all of the factors either weigh in favor of transfer or are neutral, the court concludes that transferring this case will better serve the interests of justice and the convenience of the parties and witnesses.[10]  Given that the balance of factors

---

[10] Plaintiff contends, in the alternative, that the court "should delay decision until the lead plaintiff or all lead plaintiff movants are given an opportunity to address Defendants' Motion to Transfer." (Dkt. 17, Opp. at 12). However, no other plaintiff has filed an opposition to the Motion or requested leave to respond, (see, generally, Dkt.), and the court declines to rule on the motions in light of its decision to transfer this action. See, e.g., LogMeIn, Inc., 2018 WL 6016283, at *1 ("This Court has previously decided motions to transfer before motions for lead plaintiff, and we see no reason to take a different course here."); Tran v. Third Ave. Mgmt. LLC, 2016 WL 6828217,

favors transfer, the court will exercise its "broad discretion[,]" <u>Amini Innovation Corp. v. JS Imports, Inc.</u>, 497 F.Supp.2d 1093, 1108 (C.D. Cal. 2007), to transfer the case.  <u>See</u>, <u>e.g.</u>, <u>Knapp v. Wachovia Corp.</u>, 2008 WL 2037611, *2 (N.D. Cal. 2008) (granting transfer where "all of the alleged events giving rise to plaintiffs' claims occurred outside the [transferor district], and most occurred in the [proposed transferee district]," and transfer would be more convenient for the witnesses); <u>Nexsun Corp. v. Condo</u>, 2010 WL 11519872, *4 (C.D. Cal. 2010) (transferring case when the convenience of the parties and witnesses weighed in favor of transfer).

**This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Transfer Venue (**Document No. 15**) is **granted**.

2. The Clerk shall transfer this case forthwith to the United States District Court for the Southern District of Florida.  <u>See</u> 28 U.S.C. § 1404(a).

Dated this 10th day of February, 2023.

                                                           /s/
                                          Fernando M. Olguin
                                        United States District Judge

---

*6 (C.D. Cal. 2016) ("The Court declines to rule on the pending Motions to Consolidate and competing Motions for Appointment of Lead Plaintiff and Lead Counsel in Tran, which are more appropriately reserved for the transferee District Judge who will preside over the merits of the putative securities class actions.").