**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-80232-ROSENBERG/REINHART**

MANIRAJ ASHIRWAD GNANARAJ,
Individually and on Behalf of All Others
Similarly Situated,

                Plaintiffs,
              -v.-

LILIUM N.V. F/K/A QELL ACQUISITION
CORP. *et al.*,

                Defendants.

**SECOND DECLARATION OF DORU GAVRIL IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**
**FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

I, DORU GAVRIL, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.  I am a member of the Bar of California, admitted to this court pro hac vice (ECF 70), and am co-counsel for Defendants Lilium N.V., Qell Acquisition Corp., Barry Engle, Daniel Wiegand, Geoffrey Richardson, Yves Yemsi, and Alastair McIntosh in the above-captioned matter.

2.  I respectfully submit this second declaration and the attached exhibits[1] in support of Defendants' Motion to Dismiss the Amended Complaint.

3.  Attached as <u>Exhibit 14</u> is a true and correct copy of Lilium's Exhibit 99.1 (Press Release) to Lilium's Form 6-K, filed with the SEC on July 18, 2023, *available at*

---

[1]     The Court may consider all of the exhibits listed herein because they are either incorporated by reference into Plaintiff's complaint or matters of which the court can take judicial notice. *See Hubbard v. BankAtlantic Bancorp, Inc.*, 625 F. Supp. 2d 1267, 1279 (S.D. Fla. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The Court "may judicially notice a fact that is not subject to reasonable dispute because it is (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b). As such, the Court may consider SEC filings and other public records. *Ubuy Holdings, Inc. v. Gladstone*, 340 F. Supp. 2d 1343, 1346 (S.D. Fla. 2004) (permitting judicial notice of documents filed with SEC and other public records); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting the "body of precedent permitting public records and especially public SEC records to be [judicially noticed]").

https://www.sec.gov/Archives/edgar/data/1855756/000110465923082018/tm2321520 d1_6k.htm.

4. Attached as <u>Exhibit 15</u> is a true and correct copy of Exhibit 99.1 (Letter to Shareholders) to Lilium's Form 6-K, filed with the SEC on July 25, 2021, *available at* https://www.sec.gov/Archives/edgar/data/1855756/000110465923083656/tm2321951 d1_ex99-1.htm.

5. Attached as <u>Exhibit 16</u> is a true and correct copy of Qell's Form 425 (Lilium's Capital Markets Day Transcript), filed with the SEC on August 5, 2021, *available at* https://www.sec.gov/Archives/edgar/data/1821171/000110465921100549/tm2111158 d45_425.htm.

6. Attached as <u>Exhibit 17</u> is a true and correct copy of Qell's Form 425 (Lilium's Investor Day Transcript), filed with the SEC on March 30, 2021, *available at* https://www.sec.gov/Archives/edgar/data/1821171/000110465921043735/tm2111158 d10_425.htm.

7. Attached as <u>Exhibit 18</u> is a true and correct copy of Ex. 99.1 (Letter to Shareholders) to Lilium's Form 6-K, filed with the SEC on November 15, 2021, *available at* sec.gov/Archives/edgar/data/1855756/000110465921139264/tm2132783d1_ex99-1.ht m.

8. Attached as <u>Exhibit 19</u> is a true and correct copy of CW1 CV, retrieved from his publicly-available LinkedIn profile.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: August 11, 2023

/s/_____
              Doru Gavril

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on 11th day of August 2023.

                                 */s/ Bradley S. Shraiberg*
                                 Bradley S. Shraiberg