UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80232-RLR/BER

MANIRAJ ASHIRWAD GNANARAJ,
Individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

LILIUM N.V.,
QELL ACQUISITION CORP.,
BARRY ENGLE,
DANIEL WEIGAND,
GEOFFREY RICHARDSON,
YVES YEMSI,
ALASTAIR MCINTOSH,

        Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS (ECF No. 89)

Plaintiff owned stock in Qell Acquisition Corp ("Qell") and its successor company Lilium N.V. ("Lilium") between March 30, 2021, and March 14, 2022. Lilium was formed through the merger of Qell and Lilium GmbH ("GmbH"). Defendant Engle was the CEO of Qell and a post-merger Director of Lilium. ¶17. Defendant Weigand was the CEO and founder of GmbH. ¶18. After the merger, he was the sole Executive Director of Lilium until August 1, 2022, when he became Chief Engineer for Innovation and Future Programs. *Id.* Defendant Richardson was the CFO for GmbH and Lilium. ¶19. Defendant Yesmi was the Chief Program Officer for GmbH

and Lilium. ¶20. Defendant McIntosh was the Chief Technology Officer for GmbH and Lilium. ¶21.

On behalf of a class of similarly situated people, Plaintiff brings a seven-count Amended Complaint alleging violations of the federal securities laws. ECF No. 74.[1] Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. ECF No. 89.  As relevant here, they also say that the Amended Complaint is a shotgun pleading. *Id*. at 35.

I agree that the Amended Complaint is a shotgun pleading. For that reason, it is RECOMMENDED that the Motion to Dismiss be GRANTED WITHOUT PREJUDICE.

## I.     LEGAL PRINCIPLES

A. *Federal Rules of Civil Procedure 8(a), 10, and 12(b)(6)*

A pleading seeking relief in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this pleading requirement, a complaint must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 512 (2002). And, "[i]f doing so would promote clarity,

---

[1] The Amended Complaint added Qell as a separate defendant. ECF No. 74. Counsel has entered an appearance for Qell. ECF Nos. 82, 83, 84. Through counsel, Qell waived service of the summons. ECF No. 79. Nevertheless, Qell says it is not a proper defendant because it has ceased to exist as a separate entity. ECF No. 89 at 14 n.1. No motion to dismiss Qell on this basis has been filed.

2

each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557 (alteration in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U. S. at 570). In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557).

When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

One way to violate Rule 8 and Rule 10 is to file a so-called shogun pleading, which is a complaint that "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has repeatedly instructed lower courts to dismiss shotgun pleadings. *See Jackson v. Bank of America,* 898 F.3d 1348, 1357 (11th Cir. 2018); *see also, e.g., Byrne v. Nezhat,* 261 F.3d 1075, 1133 (11th Cir. 2001) (Court must *sua sponte* strike shotgun pleading). "[T]he Court cannot be forced to speculate on what someone is complaining about." *Shillingford v. Rolly Marine Serv., Inc.,* No. 14-CIV-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014) (Bloom, J.) (citation omitted). The court cannot simply "fill in the blanks" to state a claim, and "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Id.* (citations omitted); *Richardson v. Route 1, Inc.,* No. 8:12-

4

CV-2888-T-33TBM, 2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013) ("This Court is not duty-bound to scrutinize [plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support.").

B. *Federal Rule of Civil Procedure 9(b)*

In addition to pleading a plausible claim for relief under Rule 8, a plaintiff alleging fraud must state "with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b)). The Eleventh Circuit has interpreted this requirement to mean that the complaint must say (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).

C. *Private Securities Litigation Reform Act*

The Private Securities Litigation Reform Act ("PSLRA") imposes an even higher pleading requirement on securities class action claims. *See generally Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1317–18 (11th Cir. 2019). The PSLRA applies to any class action brought under the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77z-1(a)(1), or the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(1).

5

Where the plaintiff alleges either an untrue statement of material fact or the omission of a material fact, the complaint must set forth with particularity "each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). Further, the plaintiff must allege "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind [*i.e.*, scienter]." 15 U.S.C. § 78u–4(b)(2)(A). The plaintiff also must plead (and ultimately prove) that the act or omission of the defendant "caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. §78u-4(b)(4).

## II.   LEGAL CLAIMS IN THE AMENDED COMPLAINT

To understand why the Amended Complaint is a shotgun pleading, it is helpful to review the causes of action being asserted. To summarize, the Amended Complaint alleges two fraud counts (Counts I and II), three false statements counts (Counts IV, V, and VII), and two control liability counts (Counts III and VI).

A.  *Counts I and II — Section 10(b) of Exchange Act*

Counts I and II allege violations of Section 10(b) of the Exchange Act and Rule 10b-5 against all Defendants. Section 10(b) of the Exchange Act, 15 U.S.C. §78j, makes it unlawful to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or

6

appropriate in the public interest or for the protection of investors." One such rule is Rule 10b-5, which says:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) to employ any device, scheme, or artifice to defraud,
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
> in connection with the purchase or sale of any security.

17 CF.R. §240.10b-5. To state a claim under Rule 10b-5(a) and (c), the plaintiff must plausibly allege that (1) the defendant committed a deceptive or manipulative act (2) in furtherance of the alleged scheme to defraud (3) with scienter. *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 538 F. Supp. 3d 1309, 1339 (S.D. Fla. 2021). To state a claim under Rule 10b-5(b), the plaintiff must plausibly allege the defendant made a material misrepresentation or materially misleading omission in connection with the sale or purchase of securities with scienter. *Id.*

Count I alleges violations of Rules 10b-5(a) and (c). Count II alleges violations of Rule 10b-5(b). The different subsections of Rule 10b-5 define distinct causes of action. "The main difference between a 10b-5(b) misrepresentation claim and a 10b-5(a) and (c) scheme liability claim is that, while 10b-5(b) involves 'deceptive statements,' 10b-5(a) and (c) scheme liability involves 'deceptive conduct.'" *Sec. &*

7

*Exch. Comm'n v. Arbitrade Ltd.,* No. 22-CV-23171, 2023 WL 2785015, at *7 (S.D. Fla. Apr. 5, 2023) (J. Bloom) (internal citations omitted). "[D]issemination of false or misleading statements with intent to defraud can fall within the scope of subsections (a) and (c) of Rule 10b-5 . . . even if the disseminator did not 'make' the statements and consequently falls outside subsection (b) of the Rule." *Lorenzo v. Sec. & Exch. Comm'n,* 587 U.S. __, 139 S. Ct. 1094, 1100-01, 203 L. Ed. 2d 484 (2019); *see also Janus Cap. Grp., Inc. v. First Derivative Traders,* 564 U.S. 135 (2011) (Rule 10b-5(b) applies only to person who "makes" material misrepresentation).

B. *Count III — Section 20 of Exchange Act*

Count III alleges a violation of Section 20(a) of the Exchange Act, against Mr. Engle, Mr. Weigand, Mr. Richardson, Mr. Yemsi, and Mr. McIntosh. That statute says:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable . . .unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). Section 20(a) imposes liability "not only on the person who actually commits a securities law violation, but also on an entity or individual that controls the violator." *Laperriere v. Vesta Ins. Group, Inc.,* 526 F.3d 715, 721 (11th Cir. 2008). An underlying primary violation must exist before secondary liability can be imposed under Section 20(a). *Thompson v. RelationServeMedia, Inc.,* 610 F.3d 628, 635-36 (11th Cir. 2010). So, to state a claim under Section 20(a), a plaintiff must plausibly

8

allege (1) a primary violation of the securities laws, (2) that the individual defendant had the power to control the general business affairs of the corporate entity, and (3) that the individual defendants had the power to directly or indirectly control or influence the specific corporate policy that caused the primary liability. *Mizzaro v. Home Depot, Inc.,* 544 F.3d 1230, 1237 (11th Cir. 2008) (citation omitted).

   C. *Count IV — Section 11 of Securities Act*

Count IV alleges a violation of Section 11 of the Securities Act against Lilium, Qell, Mr. Engle, and Mr. Wiegand. That statute prohibits issuing a registration statement that "contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading . . . 15 U.S.C. § 77k(a).

"Section 11 of the Securities Act creates a private cause of action where a registration statement either 'contained an untrue statement of material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.' A § 11 claim can be brought against the issuer of the securities, the issuer's directors or partners, the underwriters of the offering, and accountants named as having prepared or certified the registration statement." *Ehlert v. Singer,* 245 F.3d 1313, 1315 (11th Cir. 2001) (internal citations omitted). "If a plaintiff purchased a security issued pursuant to a registration statement, he need only show a material misstatement or omission to establish his *prima facie* case. Liability against the issuer of a security is virtually absolute, even for innocent misstatements." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983)

(footnote omitted). The plaintiff need not prove any intent to defraud on the part of the defendant, or even knowledge of the misrepresentation or omission. *Id.* at 381–82.

> "The test for determining materiality is whether a reasonable man would attach importance to the fact misrepresented or omitted in determining his course of action." *SEC v. Carriba Air, Inc.,* 681 F.2d 1318, 1323 (11th Cir.1982). In assessing whether a misrepresentation or omission was material, courts may not employ 20/20 hindsight; instead, they must consider whether the misrepresentation or omission was material on the date the prospectus or registration statement was issued. *See Rudd v. Suburban Lodges of Am., Inc.,* 67 F.Supp.2d 1366, 1370 (N.D.Ga.1999); *In re MobileMedia Sec. Litigation,* 28 F.Supp.2d 901, 924 (D.N.J.1998). Materiality, though, is a question of fact that may rarely be resolved at the motion to dismiss stage. *See In re Twinlab Corp. Sec. Litigation,* 103 F.Supp.2d 193, 201 (E.D.N.Y.2000). "Only if the alleged misrepresentations or omissions are so obviously unimportant to an investor that reasonable minds cannot differ on the question of materiality is it appropriate for the district court to rule that the allegations are inactionable as a matter of law." *Weiner v. Quaker Oats Co.,* 129 F.3d 310, 317 (3d Cir.1997).

*In re Unicapital Corp. Sec. Litig.,* 149 F. Supp. 2d 1353, 1363–64 (S.D. Fla. 2001).

D. *Count V — Section 12 of Securities Act*

Count V alleges a violation of Section 12(a)(2) of the Securities Act against Lilium and Qell. That statute creates liability for anyone who

> (2) offers or sells a security . . . by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable. . .

15 U.S.C. §77*l*.

"Section 12(a)(2) of the Securities Act creates a private cause of action against persons who offer or sell a security 'which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.' Section 12 liability extends to those who transfer title to the security and to those who successfully solicit the purchase." *Ehlert,* 245 F.3d at 1315–16 (internal citations omitted). As with Section 11, under Section 12, "the Plaintiffs must allege [only] that there was a material misrepresentation or omission," *id.* at 1316, and need not prove an intent to defraud or knowledge of the misrepresentation or omission. *See Herman,* 459 U.S. at 381–82.

E. *Count VI — Section 15 of Securities Act*

Count VI alleges a violation of Section 15 of the Securities Act against Mr. Engle and Mr. Wiegand. That statute says in relevant part:

> Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77*l* of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

15 U.S.C. §77o(a). Section 15 is the analog to Section 20(a) of the Exchange Act; the controlling person analysis under both is identical. *Marrari v. Med. Staffing Network*

*Holdings, Inc.,* 395 F. Supp. 2d 1169, 1181 (S.D. Fla. 2005) (J. Dimitrouleas) (citations omitted).

To state a claim under Section 15, the plaintiff must plausibly allege a violation of Section 11 or 12, and "that the defendant had (1) the power to control the general affairs of the entity primarily liable for the § 11 or § 12 violation at the time of the violation and (2) the power to control or influence the specific policy that resulted in primary liability under § 11 or § 12." *In re Unicapital Corp. Sec. Litig.*, 149 F. Supp. 2d at 1367.

F. *Count VII — Section 14(a) of Exchange Act*

Count VII alleges a violation of Section 14(a) of the Exchange Act and Rule 14a-9 against Lilium, Qell, Mr. Engle, Mr. Wiegand, Mr. Richardson, Mr. Yemsi, and Mr. McIntosh. Section 14(a) prohibits "any person . . . in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or permit the use of his name to solicit any proxy or consent or authorization in respect of any [registered] security." 15 U.S.C. §78n(a). Rule 14a-9 says, in relevant part:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

12

17 C.F.R. § 240.14a-9(a).

"To state a claim under § 14(a) of the Exchange Act and Rule 14a-9, Plaintiffs are required to allege that Defendants prepared a proxy statement containing a material misstatement or omission that caused Plaintiffs' injuries." *Theodore v. Purecycle Techs., Inc.,* No. 6:21-CV-809-PGB-RMN, 2023 WL 4035880, at *11 (M.D. Fla. June 15, 2023). "[T]he proxy solicitation itself, rather than the particular defect in the solicitation materials, [must have been] an essential link in the accomplishment of the transaction." *Edward J. Goodman Life Income Tr. v. Jabil Cir., Inc.*, 594 F.3d 783, 796 (11th Cir. 2010) (citation omitted). "Actions brought under Section 14(a) that are based on material misrepresentations in proxy materials 'should be sustained only when [they] challenge[ ] a transaction which was the subject of the proxy materials, such as approval of a merger agreement or the election of corporate directors.'" *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 645 F. Supp. 2d 210, 238 (S.D.N.Y. 2009) (citations omitted) *cited in Theodore, supra,* at *11.

"When taken together, Section 14(a), Rule 14–A–9 and the PSLRA require the Plaintiffs to specify with particularity: (1) omissions in the Proxy Statements that made other statements either false or misleading, (2) how those omissions were material, (3) each statement in the Proxy Statements that was made false or misleading, (4) the reason or reasons why the statement is misleading, and (5) how the omission caused the loss complained of." *In re The Home Depot, Inc. S'holder Derivative Litig.*, 223 F. Supp. 3d 1317, 1330 (N.D. Ga. 2016).

13

III. DISCUSSION

"The most common type [of shotgun pleading] — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1321 (11th Cir. 2015). Each of Counts II-VII "repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein." ECF No. 74 ¶¶329, 337, 342, 351, 358, 363. This form of pleading commits "the mortal sin of re-alleging all preceding counts." *Weiland,* 792 F.3d at 1322.

The Amended Complaint also commits "the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. For example, Count I asserts liability under both Rules 10b-5(a) and 10b-5(c). The same conduct can violate both Rules. *See Lorenzo,* 139 S. Ct. at 1101-03. But, they are different causes of action that require proof of different elements and are not factually coextensive — a set of facts may violate one Rule but not the other. They need to be alleged in separate counts.

Counts II and VII commit the same sin. Rules 10b-5(b) and 14a-9 can be violated by a single misrepresentation or material omission. Counts II and VII do not adequately identify the specific document alleged to contain the falsity, ¶¶ 330 (the false statements specified above"); 365 ("Proxy and documents attached thereto

14

. . and other solicitations described above"), let alone the specific false statement or material omission in the document.

Count III then alleges secondary liability under Section 20(a) but does not specify the precise primary violation. It incorporates by reference all of the factual allegations in the Amended Complaint. It also incorporates by reference Counts I and II which collectively allege three separate causes of action, each of which could support a Section 20(a) claim. Count III does not identify which of these three causes of action is alleged to support the Section 20(a) claim. Instead, it says, "Due to the above conduct, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company." ¶341. There is no way to know which Rule and which specific conduct is alleged to support Section 20(a) liability. If Plaintiff believes there are multiple predicate violations, each should be pled as a separate Section 20(a) count; that way, each cause of action or claim for relief is separated into a separate count. *Weiland,* 792 F.3d at 1323.

Independently, the Amended Complaint is a shotgun pleading because it fails to clearly identify which facts (and only those facts) support each claim for relief. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). By my count, the Amended Complaint references at least 20 separate SEC filings or public statements by one or more Defendant. Within these filings and statements are multiple alleged fraudulent representations and/or material misrepresentations. All of these facts are incorporated into each Count, without differentiating which misrepresentations or omissions are the factual basis for that count. Because every factual allegation is

incorporated into every count, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996).

Finally, the Amended Complaint fails to comply with Rule 8(a)'s requirement that a complaint be a "short and plain statement of the claim showing that the pleader is entitled to relief." It comprises 371 separate paragraphs that commit "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland,* 792 F.3d at 1323. Entire sections read more like an advocate's brief than a statement of the factual and legal basis for relief. *See, e.g.,* ¶¶ 293-307. There is a gratuitous reference to Theranos and Elizabeth Holmes without any attempt to explain why those facts are relevant to the Plaintiff's claims for relief. ¶3.

For all these reasons, the Amended Complaint should be dismissed as a shotgun pleading and Plaintiffs should be given one last chance to file a proper complaint. *See Vibe Micro v. Shabanets,* 878 F.3d 1291, 1296 (11th Cir. 2018).

## IV. **RECOMMENDATION**

Accordingly, this Court RECOMMENDS that the District Court GRANT the Defendants' Motions to Dismiss the Amended Complaint without prejudice and with leave to file a Second Amended Complaint.

Case 9:23-cv-80232-RLR   Document 105   Entered on FLSD Docket 12/18/2023   Page 17 of 17

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) CALENDAR DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE CALENDAR DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of December 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

17